NO. 12-02-00127-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 


THE STATE OF TEXAS FOR THE 

BEST INTEREST AND PROTECTION
§
 COUNTY COURT AT LAW OF

OF D.M.


§
 CHEROKEE COUNTY, TEXAS






 

 Appellant D.M. appeals from an order of commitment for temporary inpatient mental health

services. After a hearing without a jury, the trial court ordered D.M. committed to Rusk State
Hospital for a period not to exceed ninety days. In six issues, Appellant asserts the evidence is
legally and factually insufficient to support the order, his constitutional rights to due process and
equal protection have been violated, and he was denied effective assistance of counsel. We affirm. 


Background

 On April 4, 2002, an application for court-ordered temporary mental health services was filed
requesting the court commit Appellant to Rusk State Hospital for a period not to exceed ninety days. 
The application was supported by a certificate of medical examination for mental illness, prepared
by a physician, Dr. S. Lahiri, who had examined Appellant on April 3, 2002. Dr. Lahiri diagnosed
Appellant as having schizoaffective disorder, and as being depressed and mentally ill. He also
indicated that Appellant is likely to cause serious harm to others and is suffering severe and
abnormal mental, emotional or physical distress, is experiencing substantial mental or physical
deterioration of his ability to function independently, and is unable to make a rational and informed
decision as to whether to submit to treatment. His opinion was based on the fact that Appellant told
him he was hearing voices that told him others were trying to kill him. He indicated that on April
3, Appellant experienced auditory hallucinations and delusions, and threatened to harm others. Dr.
Lahiri also stated that Appellant presents a substantial risk of serious harm to himself or others if not
immediately restrained. This risk was demonstrated by Appellant's behavior and by evidence of
severe emotional distress and deterioration in his mental condition to the extent that he cannot
remain at liberty. He based that opinion on the facts that Appellant stated he was hearing voices that
were telling him to hurt others and that he threatened to kill family members. 

 On April 4, 2002, Appellant was examined by Dr. Zaki Moin who then also prepared a
certificate of medical examination for mental illness. Dr. Moin diagnosed Appellant as suffering
from schizoaffective disorder, bipolar type. He found that Appellant is mentally ill, likely to cause
serious harm to others, and is suffering severe and abnormal mental, emotional or physical distress,
is experiencing substantial mental or physical deterioration of his ability to function independently,
and is unable to make a rational and informed decision as to whether or not to submit to treatment. 
This opinion was based on his examination of Appellant, and on records of the Sabine Valley Center
which evaluated and referred Appellant on April 3. Dr. Moin stated that Appellant was paranoid. 
He was hearing voices and felt that others were trying to kill him. Further, Appellant was
threatening others. 

 Dr. Moin testified at the commitment hearing and verified the information in his certificate. 
He explained that, based on his personal examination of Appellant and his review of the history,
Appellant was feeling depressed and he was making threats toward his family. He made verbal
threats and was delusional and paranoid that the doctors had been trying to kill him. On cross-examination, Dr. Moin explained that Appellant has improved in thought and mood since his
admission to the hospital. He stated that Appellant has committed no overt act or made any overt
statement of intent to harm himself or others since his admission to the hospital. He can dress and
feed himself, take care of his personal hygiene and initiate and respond to conversation. 

 Appellant explained to the court that there is nothing wrong with him and he wants to go
home. He also stated that he does not "intend to do her any harm" and he intends "to leave her a way
to go to the doctor." He then told the court he needed to get out of Panola County for a while.

 The trial court entered an order for temporary inpatient mental health services after
determining that the evidence supports the allegations that Appellant is mentally ill, likely to cause
serious harm to others, suffering severe and abnormal mental, emotional, or physical distress,
experiencing substantial mental or physical deterioration of his ability to function independently, and
unable to make a rational and informed decision as to whether to submit to treatment. The court
ordered Appellant committed to Rusk State Hospital for a period not to exceed ninety days.


Sufficiency of the Evidence

 In his first issue, Appellant asserts the evidence is neither legally nor factually sufficient to
support the order of commitment. He contends the trial court erred in allowing Dr. Moin's testimony
as it was based on medical records from the Sabine Valley Center, an outpatient facility where
Appellant was seen on April 3, rather than on medical records of Rusk State Hospital. He asserts
Dr. Moin did not have personal knowledge of the contents of the records; therefore, they are hearsay. 
Further, if the records are business records, he argues, they should not be allowed because they are
highly prejudicial and in violation of the patient-physician privilege. As Dr. Moin relied on
inadmissible records, his argument continues, his opinion cannot be considered. Therefore, he
contends, the record does not show evidence of a recent overt act or continuing pattern of behavior
tending to confirm the likelihood that he will cause serious harm to himself or to others, is suffering
severe and abnormal mental, emotional, or physical distress, is experiencing substantial deterioration
of the ability to function independently, or is unable to make a rational and informed decision
regarding whether to submit to treatment. Thus, he argues, the State failed to meet its evidentiary
burden under the statute. 

 In reviewing no evidence points of error, the reviewing court must consider only the evidence
and inferences tending to support the trial court's finding, disregarding all contrary evidence and
inferences. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). If there is any
evidence of probative force to support the finding, the no evidence issue must be overruled and the
finding upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). When the
evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, no more than a scintilla of evidence exists and, in legal effect, is no
evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). However, if the evidence
supplies some reasonable basis for differing conclusions by reasonable minds as to the existence of
a vital fact, some evidence or, in other words, more than a scintilla of evidence exists. Id.

 In addressing a factual sufficiency of the evidence challenge, this Court must consider and
weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). Where no findings of fact and conclusions of law were requested of or filed by the trial court,
all questions of fact are presumed and found in support of the judgment. Zac Smith & Co. v. Otis
Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). In the absence of findings of fact and conclusions
of law, the judgment must be affirmed if it can be upheld on any legal theory that finds support in
the evidence. Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex. 1968).

 The trial judge may order a proposed patient to receive court-ordered temporary inpatient
mental health services if the judge or jury finds, from clear and convincing evidence, that the
proposed patient is mentally ill and, as a result of the mental illness, he is likely to cause serious
harm to himself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal
mental, emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration
of his ability to function independently, which is exhibited by his inability, except for reasons of
indigence, to provide for his basic needs, including food, clothing, health, or safety, and (iii) unable
to make a rational and informed decision as to whether or not to submit to treatment. Tex. Health
& Safety Code Ann. § 574.034(a) (Vernon Supp. 2002). To be clear and convincing under this
statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt
act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to
the proposed patient or others, or the proposed patient's distress and the deterioration of his ability
to function. Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). Clear and
convincing evidence means the measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).

 The State provided expert testimony explaining that Appellant is mentally ill and describing
an overt act by Appellant, his threats toward his family. Dr. Moin explained that Appellant was
delusional and paranoid, heard voices, felt others were trying to kill him, and he was threatening to
kill others. This testimony was based on both his personal examination of Appellant on April 4 and
the medical records in Appellant's file at Rusk State Hospital. Appellant stipulated that the medical
records of Rusk State Hospital are business records, not subject to the hearsay rule. The record
shows Appellant objected to Dr. Moin's testimony based on his assertion of the patient-physician
privilege. The State responded that there is a notice in the medical records stating that all
communications are not privileged. However, the Sabine Valley Center records are not in the record
before this court. In the absence of the Sabine Valley Center records we are unable to determine
whether Appellant waived the privilege. Therefore, Appellant has not shown any error in admitting
Dr. Moin's testimony. See In re A.P., 46 S.W.3d 347, 350 (Tex. App.- Corpus Christi 2001, no
pet.) (Issues raised for an appellate court's review dependent on the state of the evidence cannot be
reviewed absent a complete record.). 

 Dr. Moin's testimony constitutes expert testimony of an overt act that tends to confirm the
likelihood of serious harm to others, thus satisfying the statutory requirement for clear and
convincing evidence in support of the order for temporary inpatient mental health services. See Tex.
Health & Safety Code Ann. § 574.034(d). The evidence is legally sufficient to support the trial
court's order. See McLaughlin, 943 S.W.2d at 430.

 In addressing Appellant's factual sufficiency complaint, we consider the remainder of the
evidence. On cross-examination, Dr. Moin stated that Appellant had not committed any overt acts
or made any statements of intent to harm others since being admitted to the hospital. Although Dr.
Moin appears to have contradicted himself on cross-examination, both his certificate and his
testimony on direct examination support a finding that Appellant threatened others. Where there is
conflicting evidence, the trier of fact's verdict on such matters is generally regarded as conclusive. 
Beall v. Ditmore, 867 S.W.2d 791, 796 (Tex. App.- El Paso 1993, writ denied). Thus, the evidence
shows a substantial threat of future harm to others based on a threat in the recent past. See Seekins
v. State, 626 S.W.2d 97, 99 (Tex. Civ. App. - Corpus Christi1981, no writ). 

 Weighing all the evidence, we cannot say that the trial court's finding that Appellant is likely
to cause harm to others and its decision to order Appellant to submit to inpatient mental health
services are so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Cain, 709 S.W.2d at 176. Thus, the evidence is factually sufficient to support the trial
court's finding. Because we hold the evidence is both legally and factually sufficient to support the
trial court's order, we overrule Appellant's first issue.


Constitutional Claims

 In his second and third issues, Appellant contends the trial court erred in rendering judgment
in violation of state and federal guarantees of due process. He asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and ambiguous so the statute
is susceptible to a variety of interpretations, making it violative of the due process clause of each
constitution. In his fourth and fifth issues, he asserts that application of section 574.034 results in
a violation of his right to equal protection under both the state and federal constitutions.

 Appellant did not complain to the trial court that his state and federal constitutional rights
to due process and equal protection were being violated. A constitutional claim must have been
asserted in the trial court to be raised on appeal. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex.
1993). Therefore, Appellant has not preserved these complaints for review. We overrule
Appellant's issues two, three, four, and five.


Ineffective Assistance of Counsel

 In his sixth issue, Appellant contends he was denied effective assistance of counsel because
trial counsel failed to object to the constitutionality of the applicable statutes. He argues that this
resulted in his being subjected to unconstitutional statutes at trial and the loss of relief due to waiver
on appeal. 

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984). Counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. The appellant has the burden of proving ineffective assistance of counsel
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Claims of ineffective assistance of counsel must be supported by the record. See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). When the record
contains no evidence of the reasoning behind counsel's conduct, we cannot conclude counsel's
performance was deficient. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record is silent as to counsel's trial strategy. We have no evidence from counsel's
perspective concerning whether he considered challenging the constitutionality of section 574.034
and, if so, the reasons he decided not to. Therefore, we are unable to determine that the failure to
raise those issues in the trial court constitutes ineffective assistance of counsel. Jackson, 877
S.W.2d at 771. Appellant has failed to show that his counsel's performance fell below the objective
standard of reasonableness. Further, even if we agreed that trial counsel's performance was
deficient, Appellant has failed to make any showing that he was prejudiced as a result. Appellant
alludes to the fact that, had counsel made the objections, the trial court might have agreed with him. 
However, he presents no authority from which we can determine that counsel's constitutional
challenges, if raised, would have been sustained by the trial court. Appellant has failed to show that
there is a reasonable probability that the result of the proceeding would have been different but for
the alleged error made by counsel. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has
failed to meet his burden of proving ineffective assistance of counsel. Jackson, 973 S.W.2d at 956. 
Accordingly, we overrule Appellant's sixth issue.

 We affirm the trial court's order.

 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered October 31, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




(DO NOT PUBLISH)