Lionel Roger REYES, Appellant,

v.

Melissa REYES, et al., Appellees.

No. 10–96–168–CV.

Court of Appeals of Texas, Waco.

June 4, 1997.

Lionel Roger Reyes, Huntsville, pro se.

Dan Morales, Attorney General, Jorge Vega, First Asst. Attorney General, John B. Worley, Asst. Attorney General, Austin, for Appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

The appellant, Roger Lionel Reyes, appeals the portion of a divorce decree ordering him to pay $168 per month in child support to his ex-wife, Melissa Reyes. The appellant raises two points of error: first, he argues that the evidence is "insufficient"[1] to support the trial court's conclusion that he should pay $168 in child support per month; and second, he maintains that the evidence is "insufficient" to support a finding of voluntary unemployment or underemployment. We affirm.

The record reveals that the appellant and Melissa Reyes had two children together, a son and a daughter, before they were married on April 5, 1991. In September 1991, the appellant and Melissa Reyes separated when the appellant began serving a twelve-year sentence for the aggravated sexual assault of Melissa Reyes' thirteen-year-old niece. At the time of their separation, the appellant and Melissa Reyes effectuated an informal division of their marital property. Melissa Reyes filed an original petition for divorce on January 8, 1996.

Trial was before the court on March 21, 1996, and although the appellant was provided with proper notice, he failed to appear, presumably because he was still incarcerated for his aggravated-sexual-assault offense. The statement of facts indicates that only a day or two before trial the appellant filed a motion for the trial court to issue a bench warrant so that he could appear at trial. Counsel for Melissa Reyes mentioned the motion to the court before the trial commenced, but the court neither made a ruling nor offered a comment on it. The motion cannot be found in the transcript, and the appellant neglected to request from the district clerk that a copy of the motion be included in the transcript when he filed his "Designation of Materials for Inclusion in Record on Appeal." Neither does the appellant contest the trial court's failure to issue a bench warrant on appeal.

Melissa Reyes testified that an award of $168 per month in child support would be based upon the appellant's working a minimum-wage job for 40 hours per week and that, aside from his incarceration, the appellant was mentally and physically capable of working this type of job. Melissa Reyes further testified that at the time of trial the appellant had served one-half of his twelve-year sentence and that he was eligible for parole during the same month as the trial.

Upon completion of the testimony, Melissa Reyes' counsel informed the trial court that a representative from the Attorney General's Office had asked him to request from the trial court that child support be awarded retroactively to the date when the appellant was first incarcerated. The court expressed its view that a parent should not be required to pay child support if he is incarcerated and, consequently, without an income or other ability to make child support payments. The court then indicated that it would prospectively order the appellant to pay $168 per month in child support but that sometime in

---

1. The appellant does not specify whether he wishes to attack the legal sufficiency of the evi-

dence, the factual sufficiency of the evidence, or both.

the future it would probably quash any arrearages that might accumulate while the appellant continued to be incarcerated. On June 17, 1996, the trial court signed the final decree of divorce ordering the appellant to pay $168 per month in child support starting April 1, 1996.

The appellant timely appealed the final decree of divorce, and he filed a *pro se* brief in this cause, although he did not request oral argument. Melissa Reyes has not filed a brief or otherwise presented an argument to this court. The Office of the Attorney General, however, filed a brief and presented oral argument on the date of submission.

Notwithstanding the trial court's assertions that it did not believe that an inmate without an income or other financial resources should be required to pay child support, the evidence clearly indicates that at the time of trial the appellant was incarcerated and that he possessed only the possibility of perhaps being released on parole within a couple of weeks. Due to the fact that the evidence conclusively establishes that the appellant was incarcerated at the time of trial and would continue to be incarcerated indefinitely, we must accept as true that the trial court ordered the appellant to pay $168 per month despite his being incarcerated.

■ A trial court has discretion to set child support within the guidelines of the Family Code. *See* TEX. FAM.CODE ANN. § 154.121 (Vernon 1996); *Wilemon v. Wilemon*, 930 S.W.2d 290, 293 (Tex.App.—Waco 1996, no writ); *Roosth v. Roosth*, 889 S.W.2d 445, 452 (Tex.App.—Houston [14th Dist.] 1994, writ denied). However, as the guidelines are merely advisory, the Code also allows the trial court the discretion to set a child support order outside the guidelines. *See* TEX. FAM.CODE ANN. § 154.123(a) (Vernon 1996); *Wilemon*, 930 S.W.2d at 293. Once the trial court, after evaluating all the evidence, has made its determination as to the amount of the child support obligation, that ruling will not be disturbed absent a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Wilemon*, 930 S.W.2d at 293.

■ This court has held that legal and factual sufficiency claims are not independent grounds of error, but are incorporated into a determination of whether the trial court abused its discretion. *Thomas v. Thomas*, 895 S.W.2d 895, 896 (Tex.App.—Waco 1995, writ denied); *see Wilemon*, 930 S.W.2d at 293. We will accordingly construe the appellant's "insufficiency" points as complaints that the trial court abused its discretion in ordering a child support order outside the guidelines. In determining whether the trial court abused its discretion in setting a child support order, we will affirm so long as there is some evidence of a substantive and probative character to support the trial court's decision. *Thomas*, 895 S.W.2d at 896; *see Wilemon*, 930 S.W.2d at 294.

■ Section 154.066 of the Family Code provides that a trial court may order a parent to pay child support beyond an amount that his actual income would ordinarily indicate by the guidelines if the parent could potentially earn more money but has intentionally chosen not to. TEX. FAM.CODE ANN. § 154.066 (Vernon 1996); *In re Striegler*, 915 S.W.2d 629, 638 (Tex.App.—Amarillo 1996, writ denied). The Attorney General maintains that the appellant, by intentionally committing a sexual assault, engaged in voluntary conduct that directly led to his state of underemployment or unemployment. The appellant, while not disputing that his criminal conduct was voluntary, argues that his state of incarceration is involuntary and, therefore, he should not be forced to pay child support as long as he remains behind bars.

The evidence adduced at trial indicates that the appellant and Melissa Reyes were married for several months but then separated when the appellant began to serve a prison sentence for aggravated sexual assault. At the time of their separation, the appellant and Melissa Reyes divided their marital assets so that each party could own his and her own separate property. No valuation of this "separate property" appears in the record. At the time of trial, the appellant had served approximately one-half of his twelve-year sentence and was eligible for parole. No evidence was admitted concerning whether a

decision had ultimately been made by the Board of Pardons and Parole to release the appellant. Evidence was admitted that the appellant was physically and mentally capable of holding down a minimum-wage paying job for 40 hours per week. From this evidence the trial court concluded that the appellant should be ordered to pay $168 per month in child support.

■ We cannot conclude that the trial abused its discretion in issuing this order. The appellant presented no evidence on whether he was unable to earn an income because of his incarceration or whether, assuming he was able to work, that his income was limited. The appellant failed to present any evidence that the separate property he took from his marriage with Melissa Reyes lacked sufficient value that it could not be used to satisfy his child support obligations. The appellant argues in his brief that he filed in the trial court a "Declaration of Inability to Pay Child Support." This document, however, was not admitted into evidence at trial and, therefore, may not be considered by this court in deciding whether the trial court abused its discretion in issuing its child support order. *Vanscot Concrete Co. v. Bailey,* 862 S.W.2d 781, 783 (Tex.App.—Fort Worth 1993), *aff'd,* 894 S.W.2d 757 (Tex.1995). The appellant failed to present any other evidence of his net resources.

When the evidence is insufficient to establish the obligor parent's net resources, the trial court shall apply a presumption "that the party has wages or salary equal to the federal minimum wage for a 40–hour week" and that the party is making the federal minimum wage. Tex. Fam.Code Ann. § 154.068 (Vernon 1996); *In re Moss,* 887 S.W.2d 186, 188 (Tex.App.—Texarkana 1994, no writ). As the appellant presented no evidence at trial on the value of his net resources and his alleged inability to earn an income while incarcerated, we conclude that the trial court did not clearly abuse its discretion in ordering the appellant to pay child support in accordance with a minimum-wage paying, 40–hour per week job.

The appellant's points of error are overruled, and the judgment is affirmed.