NUMBER 13-99-797-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RAUL GALARZA
, Appellant,


v.



SANDRA GALARZA
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 Raul Galarza appeals the trial court's award of spousal
maintenance and child support in a final judgment in his divorce from
Sandra Galarza. We affirm.

 Raul and Sandra married in May, 1986 and had three children. 
Sandra and Raul made a living by working at his parents' grocery store. 
In March, 1999 they separated. Raul stayed in the marital home, and
Sandra and the children moved in with her mother. Sandra's testimony
was that she needed to provide a place for herself and the children. She
received a few appliances, the children's bedroom sets, and some other
items from the division of the community estate. Nevertheless she slept
on the floor, and her car was repossessed because she could not make
the payments. She had no education, but in May, 1999 she earned her
GED and began working at Chili's. Her take-home pay was about $600
per month. She had no other income. Her testimony was that she was
working as best she could with her education level. Raul's tax records
showed that in 1998 he earned $26,087 in gross wages. Paycheck
stubs showed that from April 6, 1999 to September 28, 1999 he had
earned about $5,568.90 in gross wages. Raul testified that he was
earning less in 1999 because business at the grocery store was slow. 
However Sandra testified that he was not working so that he would not
have to pay the child support he owed her.

 The trial court ordered Raul to pay Sandra $500 per month in child
support and $467 per month for two years in spousal maintenance. 
Raul challenges the award by two issues.(1) First he asserts that the trial
court abused its discretion in ordering him to pay maintenance because
Sandra did not meet the requirements of section 8.002(2) of the Texas
Family Code.

 The family code states that in a suit for divorce when the parties
have been married ten years or more a spouse may seek spousal
maintenance if the spouse seeking maintenance shows that she lacks
sufficient property to meet her minimum reasonable needs and she
cannot support herself: (1) due to a disability; or (2) because she must
care for a child with a disability and requiring substantial care and
supervision; or (3) she clearly lacks earning ability in the labor market
adequate to provide support for her minimum reasonable needs. Tex.
Fam. Code Ann. § 8.002(2) (Vernon 1998). A trial court shall determine
the amount and duration of the support by considering all relevant
factors, including the financial resources, education, and employment
skills of both spouses; the length of the marriage; the age, employment
history, earning ability, and health of the spouse seeking support; the
ability of the spouse from whom support is sought to provide for his or
her needs, child support, and spousal support; and a spouse's
contribution as a homemaker. See Tex. Fam. Code Ann. § 8.003 (Vernon
1998).

 Sandra was married for thirteen years, had three children, and
needed a place to live, other than with her mother. She only had a GED
and took home $600 per month. Her car was repossessed, and she
slept on the floor. Raul worked at his parents' store, lived in a home
which he rented from them, and drove a new pickup. In 1998 he
earned $26,087. Although he was earning less in 1999, Sandra's
testimony was that he was not working so that he would not have to
pay the child support he owed her. The trial court could properly
conclude that Sandra lacked sufficient property to meet her minimum
reasonable needs, that she lacked the earning ability in the labor market
adequate to meet her needs, and that Raul had the ability to pay the
support. We hold that the trial court did not abuse its discretion in
awarding spousal maintenance. We overrule the first issue.

 By issue two Raul asserts that the trial court abused its discretion
by applying the child-support guidelines to an amount in excess of
what he was actually earning. Under the guidelines Raul is required to
pay thirty percent of net resources in child support. See Tex. Fam. Code
Ann. § 154.125 (Vernon 1996). Based upon his 1998 income his net
resources were $1,789.82 per month. Thus the award of $500 per
month was within the guidelines. Raul argues that the trial court
should have calculated his child-support obligation based upon his
1999 income. Section 154.066 of the family code provides that a trial
court may order a parent to pay child support beyond the amount his
actual income would ordinarily indicate under the guidelines if the
parent could potentially earn more money but has intentionally chosen
not to. See Tex. Fam. Code Ann. § 154.066 (Vernon 1996); Reyes v.
Reyes, 946 S.W.2d 627, 629 (Tex. App.--Waco 1997, no writ). For a
court to find that a parent is intentionally underemployed or
unemployed under section 154.066 there must be evidence the parent
reduced his income for the purpose of decreasing his child support
payments. See Dubois v. Dubois, 956 S.W.2d 607, 610 (Tex. App.--Tyler 1997, no pet.).

 Sandra's testimony was that Raul was not working so that he
would not have to pay the child support he owed her. We hold that the
trial court did not abuse its discretion by applying the child-support
guidelines to Raul's 1998 income. We overrule issue two.

 We AFFIRM the trial court's judgment.



 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 30th day of November, 2000.

1. Sandra did not file a brief in this case.