46 S.W.3d 347 (2001)
In the Interest of A.P., A Child.
No. 13-00-382-CV.
Court of Appeals of Texas, Corpus Christi.
March 29, 2001.
*348 Kenneth W. Meadwell, Colorado Springs, CO, pro se.
Dominic Carvajal, Asst. Atty. Gen., Jourdanton, Rhonda Amkraut Pressley, Austin, for Appellee.
Before Chief Justice VALDEZ, and Justices DORSEY, and RODRIGUEZ.

*349 OPINION
VALDEZ, Chief Justice.
Appellant Kenneth W. Meadwell[1] appeals a special master's[2] decision in a paternity suit that he pay back child support for eighteen years in which he did not support his daughter. Appellant raises four issues for our review: 1) that this suit is time-barred under the family code; 2) that the special master could not retroactively order him to pay child support; 3) that the special master could not award child support because of appellant's financial condition; and 4) that the special master violated appellant's fifth amendment right not to be prosecuted twice for the same offense by punishing him for being a prison inmate by making him pay child support.
By his first issue, appellant contends that his suit was time barred. However, a limitations defense must be raised at the trial level to be preserved for appeal. Tex.R. Civ. P. 94. Appellant made no complaint, objection or motion that would inform the special master that he was asserting a limitations defense. Appellant failed to obtain a ruling on any defense that dealt with the possibility that this case would be time-barred. Appellant has therefore waived his first issue. Tex. R.App. P. 33.1(a).
In his second issue, appellant argues that the family code allows a court to order child support only until a child's eighteenth birthday, and, therefore, the special master's order was improper because his daughter was over eighteen at the time this suit was filed. The family code provides that a suit to collect child support may be brought "on or before the second anniversary of the date the child becomes an adult." Tex. Fam.Code Ann. § 160.002(a) (Vernon Supp.2001). Since appellant's daughter turned eighteen on November 20, 1998, a suit to determine her parentage could be brought on or before November 20, 2000. This suit was filed and appellant was served before November 20, 2000.
Upon a finding of parentage, a court is explicitly authorized "to order support retroactive to the time of the birth of the child." Tex. Fam.Code Ann. § 160.005(b) (Vernon 1996). Appellant had known of his daughter's existence since the time of her birth. On April 28, 2000, the trial court entered an order establishing the parent-child relationship. Once this relationship was established, it was up to the discretion of the special master to make the determination of whether to retroactively award child support back until the time of the child's birth. In re S.E.W., 960 S.W.2d 954, 955-56 (Tex.App.-Texarkana 1998, no pet.); see Tex. Fam.Code Ann. § 154.131(b) (Vernon 1996). This payment is due to the parent who supported appellant's child to pay her for what he did not provide, not to the support of his adult daughter, as appellant asserts in his brief. In re B.I.V., 923 S.W.2d 573, 575 (Tex. 1996); see Tex. Fam.Code Ann. § 160.005 (Vernon 1996). We overrule appellant's second issue.
In his third issue, appellant argues that the special master could not award child support because of appellant's financial condition. The retroactive child support was calculated under the minimum wage presumption set forth in the family code. Tex. Fam.Code Ann. § 154.068 (absent evidence of income, court must presume income equal to the federal minimum wage for a forty hour week). Appellant *350 asserts that because he is in prison, he could not have earned even the minimum wage. There is no legal presumption that an inmate has no assets; incarceration alone does not rebut the minimum wage presumption. In re M.M., 980 S.W.2d 699, 700-01 (Tex.App.-San Antonio 1998, no pet.). The judgment, signed by appellant's counsel, recites that a record was waived by the parties. Issues raised for an appellate court's review "dependent on the state of the evidence cannot be reviewed absent a complete record." Dob's Tire and Auto Center v. Safeway Ins. Agency, 923 S.W.2d 715, 720 (Tex.App.-Houston [1st Dist.] 1996, writ dism'd w.o.j.). Appellant therefore cannot establish any error. We overrule appellant's third issue.
In his final issue, appellant argues that the award of retroactive child support violates the constitutional ban on double jeopardy. The retroactive support judgment does not constitute punishment; it is the payment of a debt for the payment of support of his daughter, which appellant never paid. See B.I.V., 923 S.W.2d at 575; see also Creavin v. Moloney, 773 S.W.2d 698, 703 (Tex.App.-Corpus Christi 1989, writ denied). Additionally, the forfeiture of a defendant's property is civil, not punitive nor criminal, and therefore not subject to double jeopardy restrictions. Fant v. State, 931 S.W.2d 299, 309 (Tex.Crim.App. 1996). We overrule appellant's fourth issue.
We AFFIRM the judgment of the trial court.
NOTES
[1] Appellant had an attorney at trial. He is representing himself on appeal.
[2] See Tex. Fam.Code Ann. § 201.001, et. al. (Vernon 1996 & Supp.2001).