**Opinion filed December 4, 2008**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00066-CV

———————

## IN THE INTEREST OF A.L. AND R.L., CHILDREN

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 22679**

### M E M O R A N D U M   O P I N I O N

At issue in the appeal of this suit affecting the parent-child relationship is the propriety of an order for child support against the incarcerated father of the children. The suit was filed by the attorney general's office against Lorenzo R. Larralde III, the children's father. Larralde did not appear at trial, and the trial court ordered him to pay $9,600 in retroactive child support, $193 per month for current child support, and medical support of $35 per month. Larralde appeals pro se. We affirm.

Larralde presents three issues for review. In the first issue, he argues that the trial court abused its discretion by failing to consider his pro se inmate affidavit of indigence and answer in lieu of a personal appearance. In the second issue, Larralde contends that the trial court abused its discretion by incorrectly presuming without proof that he was voluntarily underemployed. In his

final issue, Larralde argues that the trial court abused its discretion by ordering the payment of child support without considering all of the relevant factors required by law.

With respect to the first issue, Larralde asserts that the trial court should have considered the affidavit of indigence that he filed in the trial court and that the affidavit would have constituted proof of his inability to pay any costs or child support. The record does contain Larralde's affidavit of indigence; however, that affidavit was not admitted into evidence at the trial of this case. Larralde did not appear at the hearing, did not request a bench warrant, and did not ask to proceed by affidavit. Larralde's affidavit did not constitute competent evidence, and the trial court did not abuse its discretion in failing to consider it. *In re B.R.G.*, 48 S.W.3d 812, 818 (Tex. App.—El Paso 2001, no pet.); *Reyes v. Reyes*, 946 S.W.2d 627, 630 (Tex. App.—Waco 1997, no writ). The first issue is overruled.

In his second issue, Larralde asserts that the trial court incorrectly presumed that he was voluntarily unemployed or underemployed. The record does not reflect that the trial court made any such finding. The trial court's order was based upon TEX. FAM. CODE ANN. § 154.068 (Vernon 2002). Section 154.068 requires a trial court to presume, in the absence of evidence of income, that a party responsible for the support of a child "has wages or salary equal to the federal minimum wage for a 40-hour week." Several of our sister courts have determined that incarceration alone does not rebut the minimum wage presumption and that a trial court does not abuse its discretion in ordering child support against an incarcerated person based upon minimum wages when there is no evidence to the contrary. *In re B.R.G.*, 48 S.W.3d at 818-19; *In re A.P.*, 46 S.W.3d 347 (Tex. App.—Corpus Christi 2001, no pet.); *In re J.A.G.*, 18 S.W.3d 772 (Tex. App.—San Antonio 2000, no pet.); *In re M.M.*, 980 S.W.2d 699 (Tex. App.—San Antonio 1998, no pet.); *Reyes*, 946 S.W.2d 627. Larralde's second issue is overruled.

In the third issue, Larralde argues that the trial court failed to consider all of the relevant factors that are required by law under TEX. FAM. CODE ANN. § 154.123(b) (Vernon 2002). Although, as pointed out by Larralde, the trial court determined that the mother's monthly net resources "are *unknown*," the record does not support Larralde's contention that the trial court failed to consider the factors required by Section 154.123(b). The evidence showed that the mother had obtained health insurance for the children through Medicaid. This evidence would indicate that the

amount of the mother's net monthly resources was limited. Although the exact amount of the mother's monthly net resources was unknown, the trial court could have determined based upon the evidence that the mother's resources were limited. We cannot determine that the trial court failed to consider the required factors. Moreover, any error in failing to make a determination as to the mother's monthly net resources does not constitute reversible error under TEX. R. APP. P. 44.1(a) because it did not probably cause the rendition of an improper judgment. *See Stocker v. Magera*, 807 S.W.2d 753, 754 (Tex. App.—Texarkana 1990, writ denied). The third issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


December 4, 2008

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.