# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00252-CV

**Kenneth Koenig, Appellant**

**v.**

**Deborah Lynn DeBerry, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT NO. 14,377, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kenneth Koenig appeals from a district court order modifying his child-support obligations under the divorce decree that had ended his marriage to appellee Deborah Lynn DeBerry. The order increased Koenig's child-support obligations from $500.00 per month to $842.59 per month. In two issues on appeal, Koenig, who is now incarcerated, asserts that the district court abused its discretion in increasing his child-support obligation because there is insufficient evidence to support the increase and that the court's determination of his net monthly resources erroneously considered "community property retirement funds." We will affirm the order.

## BACKGROUND

In 2003, Koenig and Deborah Lynn DeBerry were divorced in Williamson County. There were two children of the marriage, born in 1995 and 1996. The decree obligated Koenig to

pay DeBerry child support in the amount of $500.00 per month and to provide medical insurance for the children.

In February 2008, Koenig was arrested for the felony offense of driving while intoxicated. That same month, DeBerry filed a petition in Williamson County to modify the parent-child relationship and increase the amount of Koenig's monthly child-support payment obligation. With her petition, DeBerry moved to transfer the proceeding to Runnels County, where she had moved with the children in the meantime. The Williamson County trial court granted the transfer motion. On April 25, Koenig filed a counter-petition seeking a reduction in child support, citing increased travel expenses he had been incurring "because of [DeBerry] moving the children 250 miles away from [Koenig's] residence." Koenig also requested that the district court restrict the children's residence to a 250-mile radius from Koenig's residence.

While the modification petition and counter-petition were pending, Koenig was convicted of driving while intoxicated and sentenced to four years' imprisonment. The judgment of conviction was rendered on August 12, 2008. On September 12 of that year, Koenig filed a petition to suspend his child-support and medical insurance obligations. The petition alleged that Koenig was unable to fulfill these obligations because he was now serving his four-year prison sentence.

A hearing on the modification petitions was held on November 6, 2008. Koenig appeared through counsel though not in person. At the beginning of the hearing, the district court took judicial notice of Koenig's judgment of conviction. Koenig then introduced into evidence a copy of a check, dated August 6, 2008, in the amount of $34,391.59, drawn from TransAmerica Life

2

Insurance Company and made payable to Koenig. It is undisputed that the check was a withdrawal from Koenig's 401(k) retirement plan with his employer, Austin Telco Federal Credit Union.[1] Koenig rested without presenting additional evidence.[2]

DeBerry then presented evidence. She testified that she was seeking an increase in child support because Koenig's salary had increased following their 2003 divorce. DeBerry introduced into evidence a copy of the 2007 joint tax return of Koenig and his current wife. The return reflected that the couple's adjusted gross income was $78,402.00. DeBerry testified that Koenig and his current wife were both employed during 2007 and that they do not have any children together. Also admitted into evidence was Koenig's 2007 W-2 and Earnings Summary, which showed that Koenig's gross pay from his employer for that year was $56,501.71 and that he had contributed $2,825.10 that year to his 401(k) plan. Additionally, DeBerry introduced interrogatory responses from Koenig in which he represented that his monthly gross income from his employer was $4,275.00 per month.

DeBerry then testified about her financial circumstances. She explained that she is employed by the City of Ballinger in its water billing department. According to DeBerry, her gross monthly income is $1,600 per month, and approximately $400.00 per month is deducted

---

[1] The check stub indicates that the gross withdrawal amount was $42,653.61. $75.00 in fees and $8,187.02 in federal taxes were deducted from that amount, yielding a net payment of $34,391.59.

[2] Koenig did attempt to introduce a "breakdown sheet" that purported to demonstrate that Koenig's current wife (he had remarried since his divorce from DeBerry) had spent most of the retirement money. However, DeBerry objected to this evidence on the ground that it had not been shown to her prior to the hearing. The district court excluded this evidence, and Koenig does not complain of this ruling on appeal.

from that amount so that her two children can be included on her health insurance policy. DeBerry testified that her "take-home pay" is $339.00 every two weeks or approximately $700.00 per month.

Also admitted into evidence was a second set of interrogatories in which Koenig was asked to list "any and all stock options or retirement, pension, profit-sharing, employee stock ownership, Keogh, or individual retirement plans in which you claim an interest, and the current balances of each plan or stock interest." The following answer was provided: "On or about September 27, 2008, Respondent cashed in his IRA/retirement account with Transamerica Retirement Services to pay bills and expenses before he was incarcerated in the Texas Department of Corrections and to leave some extra money to care for his wife and children during his incarceration."

The district court also admitted into evidence affidavits reflecting DeBerry's calculations of the amount of child support she believed Koenig owed based on her application of the family code's tax tables and child-support guidelines[3] to his employment income and retirement withdrawal. Koenig objected to DeBerry using the retirement withdrawal in her calculations on the ground that the retirement funds, in his view, represented community property of him and his current wife which, therefore, should not be included in the amount owed. The district court overruled this objection.

On cross-examination, DeBerry testified that during August, September, and October 2008, after Koenig had been convicted and began serving his prison term, she had continued

---

[3]   *See* Tex. Fam. Code Ann. §§ 154.061 (providing tax charts for computing net monthly income), .125 (providing statutory guidelines for computing child support based on obligor's monthly net resources and number of children being supported) (West 2008).

receiving child support checks in the amount of $500.00 per month. On redirect, DeBerry testified that Koenig had told her that the October child support payment was coming out of an outstanding payroll check that Koenig had been owed by his employer prior to his conviction.

After DeBerry's testimony, the parties provided closing arguments. The district court then took the matter under advisement, and the hearing concluded. On November 18, 2008, the district court sent the parties copies of the following findings:

> The Motion to Increase Child Support was served on Father on February 28, 2008; Father is capable of earning $4,275/month gross salary; for 2 children before the court, the child support guidelines establish child support at $842.59/month; Father's incarceration is not an excuse [not] to pay child support; Father withdrew $34,391.59 from a retirement account which is a source for paying child support while he is incarcerated; and there is not sufficient evidence that Father does not have the resources to pay child support.

Based on the above findings, the district court ordered that Koenig's child support obligation be increased to the amount of $842.59 per month, retroactive to March 1, 2008. Apparently taking into account the $500.00 per month payments Koenig had already made between March 1 and the hearing, the district court ordered that Koenig owed DeBerry a total amount of $2,739.12 in retroactive child support for the period between March 1 through October 1, 2008, which Koenig was ordered to pay at the rate of $100.00 per month beginning December 1, 2008. The district court further ordered Koenig to reimburse DeBerry for the children's health insurance in the amount of $400.00 per month, again beginning on December 1, and to pay 50 percent of any uninsured medical, dental, or eye-care expenses incurred by the children. Finally, the district court awarded DeBerry $2,000 in attorney's fees.

5

Subsequently, Koenig filed a motion to reconsider. Following a hearing, the district court overruled the motion. This appeal followed.

## STANDARD AND SCOPE OF REVIEW

When reviewing a modification of a child-support order, we are mindful that the best interest of the children should be the trial court's primary consideration. *See* Tex. Fam. Code Ann. § 156.402(b) (West 2008); *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ). Trial courts have wide discretion in determining the best interest of the children. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Hollifield*, 925 S.W.2d at 155. Therefore, a trial court's order modifying child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re J.A.J.*, 283 S.W.3d 495, 497 (Tex. App.—Beaumont 2009, no pet.); *Gonzalez v. Tippit*, 167 S.W.3d 536, 544 (Tex. App.—Austin 2005, no pet.). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford*, 801 S.W.2d at 109. "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). Under the abuse of discretion standard here, legal and factual sufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.). In making that determination, we view the evidence in the light most favorable to the trial court's decision and indulge every legal

6

presumption in favor of the decision. *In re J.D.D.*, 242 S.W.3d 916, 920 (Tex. App.—Dallas 2008, pet. denied); *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied). As long as some evidence of a substantive and probative character exists to support the trial court's order, we will not substitute our judgment for that of the trial court. *See Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.).

## ANALYSIS

Koenig argues that the district court abused its discretion in increasing his child support for two reasons. In his first issue, Koenig asserts that because he is incarcerated and no longer employed, there was insufficient evidence to support the district court's finding that he was capable of earning $4,275.00 per month and, therefore, insufficient evidence to support the increase in his child-support obligation. In his second issue, Koenig re-urges the argument that, because his retirement account was community property of him and his current wife, the district court should not have considered funds withdrawn from that account in determining Koenig's child-support obligations.[4]

We begin with Koenig's second issue. Koenig relies on the family code's prohibition against adding "any portion of the net resources of a spouse to the net resources of an obligor or obligee in order to calculate the amount of child support to be ordered." Tex. Fam. Code Ann.

---

[4] Koenig does not challenge on appeal the portions of the district court's order requiring Koenig to reimburse DeBerry for health insurance, requiring him to contribute to the children's uninsured medical expenses, or awarding attorney's fees to DeBerry.

7

§ 154.069(a) (West 2008).[5]  In Koenig's view, because the funds in his retirement account were the community property of him and his current spouse, they were "net resources of [that] spouse" under section 154.069(a) that could not be considered in calculating the amount of child support he owes DeBerry.  We disagree.

"Section 154.069 is a legislative endeavor 'to design a neutral scheme that would be unaffected by the remarriage of the child support obligor, either for the purpose of increasing or decreasing child support.'" *In re J.C.K.*, 143 S.W.3d 131, 136 (Tex. App.—Waco 2004, no pet.) (quoting *Starck v. Nelson*, 878 S.W.2d 302, 306 (Tex. App.—Corpus Christi 1994, no writ)).  In other words, even though income generated by a spouse's separate property is community property, no portion of that income should be included in calculating a child support obligor's net resources. *In re Knott*, 118 S.W.3d 899, 904 (Tex. App.—Texarkana 2003, no pet.).  However, that is not what happened here.  The retirement funds at issue in this case were not generated by the separate property of Koenig's spouse.  Rather, as DeBerry observes, the evidence shows that the retirement account was part of Koenig's employment benefits, he contributed to the account directly from his monthly paycheck, and the check withdrawing funds from the account was made payable solely to Koenig.  Therefore, even though the retirement funds were presumptively the community property of Koenig and his current spouse,[6] the district court would not have abused its discretion in

---

[5]  The statute also provides that the court "may not subtract the needs of a spouse, or of a dependent of a spouse, from the net resources of the obligor or obligee."  Tex. Fam. Code Ann. § 154.069(b) (West 2008).

[6]  *See* Tex. Fam. Code Ann. §§ 3.002 ("Community property consists of the property, other than separate property, acquired by either spouse during marriage."), .003 ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.") (West 2006).

finding that the retirement funds were subject to Koenig's sole management, control, and disposition. Accordingly, the district court could consider the funds in its determination of Koenig's child support obligation. *See* Tex. Fam. Code Ann. § 3.202(c) (West 2006) ("The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage."); *In re A.D.*, 73 S.W.3d 244, 248 (Tex. 2002) (characterizing child support as "a previously adjudicated liability" of obligor); *see also In re D.T.*, No. 12-05-00420-CV, 2007 Tex. App. LEXIS 9968, at *14-16 (Tex. App.—Tyler Dec. 21, 2007, no pet.) (explaining that child support lien attached to all of obligor's community property, including his retirement plan, unless obligor or his spouse satisfied burden to prove that community property was subject to spouse's sole management, control, and disposition). We overrule Koenig's second issue.

Our disposition of Koenig's second issue also bears upon his first, in which he complains that the district court abused its discretion in setting his monthly child-support obligation at $842.59 per month because there is insufficient evidence to support its finding that he is capable of earning $4,275.00 per month. The district court heard evidence that during the year prior to Koenig's conviction, Koenig's gross pay from his employer was $56,501.71, and his net monthly income was $4,275.00. Based on that income, the amount of child support the district court ordered, $842.59 per month, was consistent with the amount of support established by the statutory guidelines. *See* Tex. Fam. Code Ann. §§ 154.061, .125. Thus, this amount is presumed to be reasonable and in the best interest of the children. *See id*. § 154.122 (West 2008). Although Koenig is no longer earning this income, the evidence was sufficient to enable the district court to find that

9

Koenig nonetheless had resources available to satisfy this obligation. In determining child-support liability, the district court is to consider the "net resources" of the obligor, and that includes not only wage and salary income, but "all other income actually being received, including . . . retirement benefits." *See* Tex. Fam. Code Ann. § 154.062(a), (b)(5) (West 2008). The district court thus properly considered evidence that Koenig had recently received $34,391.59 in income from cashing out his retirement account in determining his monthly child-support obligation. We note that dividing this total amount by the forty-eight months of his prison term yields approximately $716.49 for each month from this source alone.

The evidence was also sufficient to enable the district court to find that Koenig's income he had earned from his past employment has not been depleted. *See Reyes v. Reyes*, 946 S.W.2d 627, 630 (Tex. App.—Waco 1997, no writ) (explaining that burden of proof is on obligor to present evidence of inability to pay child support). To the contrary, DeBerry provided evidence from which the district court could have reasonably inferred that the $500.00 child-support payments Koenig continued to pay after his incarceration came from his past income. DeBerry testified that Koenig had told her that the October child-support payment was coming out of an outstanding payroll check that he was still owed from his employer. Moreover, even assuming that Koenig cannot currently afford to make child-support payments, the district court's assessment makes it possible for DeBerry to collect child-support arrearages if Koenig's financial condition improves in the future. *See In re M.M.*, 980 S.W.2d 699, 701 (Tex. App.—San Antonio 1998, no pet.).

The fact that Koenig is currently incarcerated is not dispositive. This Court and others have affirmed trial court orders requiring incarcerated obligors to pay child support. *See, e.g.*, *Hollifield*, 925 S.W.2d at 156-57; *M.M.*, 980 S.W.2d at 701; *Reyes*, 946 S.W.2d at 630; *see also Slaughter v. Slaughter*, No. 13-99-00497-CV, 2001 Tex. App. LEXIS 2783, at \*6-9 (Tex. App.—Corpus Christi Apr. 26, 2001, pet. denied); *In re Vespestad*, No. 07-99-00281-CV, 2000 Tex. App. LEXIS 2329, at \*3-6 (Tex. App.—Amarillo Mar. 31, 2000, no pet.). This is because there is no legal presumption that an inmate has no assets. *In re A.P.*, 46 S.W.3d 347, 350 (Tex. App.—Corpus Christi 2001, no pet.). Many people enter prison with assets from past employment, while other inmates earn income during their incarceration. *See M.M.*, 980 S.W.2d at 701. "In the absence of proof from an incarcerated person that he or she does not have such resources, it would not be in the best interest of his children to excuse that person from support obligations." *Id*. Koenig provided no such proof, and the evidence was sufficient to support the district court's contrary findings.

On this record, viewing the evidence in the light most favorable to the district court's decision, we cannot conclude that the district court abused its discretion in modifying Koenig's child support obligation. We overrule Koenig's first and second issues.

11

## CONCLUSION

We affirm the order of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   March 17, 2010