**Patrick CONELY, Appellant,**

v.

**Leonard PECK and Bruce Zeller, Appellees.**

No. 03–95–00289–CV.

Court of Appeals of Texas, Austin.

Sept. 11, 1996.

Rehearing Overruled Oct. 23, 1996.

Patrick Conely, Gatesville, Pro Se.

Dan Morales, Attorney General, Catherine Gillis, Assistant Attorney General, Law Enforcement Defense Division, Austin, for Appellees.

Before POWERS, JONES and B.A. SMITH, JJ.

PER CURIAM.

Appellant Patrick Conely appeals a take-nothing summary judgment in his suit against appellees Leonard Peck and Bruce Zeller under the Texas Open Records Act. 73d Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 594–607 (Tex. Gov't Code Ann. §§ 552.001–.353, since amended).[1] We will affirm the trial court's summary judgment.

The summary-judgment record shows that Conely, an inmate at the Hughes Unit of the Texas Department of Criminal Justice—Institutional Division (the Department), asked in writing to see his central file. Zeller, then responsible for processing records in the Classification and Records Department, responded that the central file, located in Huntsville, would not be brought to Conely, but that he could request copies, which Zeller would send him for a fee. Conely objected to this "denial" by writing to the Department's Legal Affairs Division. Peck, an assistant general counsel for the Department, referred Conely's objection to Zeller, who responded as before that the central file would not be brought to Conely, but that Conely could buy copies on request. Conely sued for a writ of mandamus, alleging that he had a right to inspect his central file in person and that the file was brought to the Hughes Unit every

---

1. The Open Records Act as enacted in 1993 controls Conely's cause of action. For simplicity, we will cite sections of the Act that have since been amended as "former" sections.

three months for his administrative segregation hearing.

In his third point of error, Conely asserts that the trial court erroneously rendered summary judgment denying his request that Zeller and Peck be compelled to make his central file available at the Hughes Unit. To prevail on their motion for summary judgment, Zeller and Peck had to prove that no genuine issue exists as to any material fact and that they are entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). In reviewing a summary judgment, we must accept as true evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

Zeller and Peck asserted as a ground for summary judgment that nothing in the Act requires them to transport the records to Conely or to transport him to the records to facilitate his inspection. In his affidavit accompanying the motion, Zeller states that the Department stopped taking the central file to administrative segregation hearings at the Hughes Unit in November 1992. Conely, however, asserts in his own affidavit that he knew what the central file looked like and that his central file was present at a hearing at the Hughes Unit on October 9, 1994.

This Court cannot resolve factual disputes or make determinations of credibility in reviewing a summary judgment. We therefore accept Conely's version of the facts and consider instead simply whether Peck and Zeller were required to make the central file available to Conely at the Hughes Unit during administrative segregation hearings.

An officer for public records of a governmental body must promptly produce public information for inspection, duplication, or both, in the offices of the governmental body on application by any person to the officer. Former § 552.221(a). The Act requires only that the officer in charge of public records make them available for review within the offices of the governmental body. Temporarily transporting records outside the office for official use does not trigger a duty under the Act to make the records available to the public wherever they may be. The Act provides, in fact, that when requested information is temporarily unavailable because it is in active use the officer shall certify that fact in writing to the applicant and set a time when the record will be available. Former § 552.221(b). The requirement that the officer give a person requesting records "all comfort and facility" for exercising his statutory rights does not impose a duty to transport records to that person or to make transported records available at sites outside the governmental body's offices. *See* former § 552.224. Zeller and Peck established as a matter of law that they were not required to produce Conely's central file outside the offices of the Classification and Records Department.

Conely additionally asserts under this point that Zeller and Peck failed to request an attorney general's decision within ten days of receiving his request. *See* former § 552.301(a). The requirement to request a decision comes into play only when the governmental body receives a request for information that it considers to be subject to an exception under the Act. *Id.* Here, Zeller and Peck did not assert any exception, but offered to provide copies of Conely's central file at his expense. *See* former § 552.261. Without a denial of access to the records or an assertion of an exception under the Act, the ten-day requirement for requesting a decision did not apply. We therefore overrule point three.

In his fifth point of error, Conely contends that the trial court improperly considered Zeller and Peck's defective affidavits. Conely first asserts that neither affidavit states the date it was signed and sworn to. Before the summary-judgment hearing, however, Zeller and Peck amended their original affidavits by submitting new affidavits that were properly dated, thereby curing any error. *See* Tex.R. Civ. P. 166a(f). Conely's argument that the affidavits fail to state that they are true and correct lacks merit because Conely did not raise this argument in the trial court and, even if we considered it, the affidavits state that they are sworn to. *Id.*; *King v. Holland*, 884 S.W.2d 231, 236 n. 1 (Tex.App.—Corpus Christi 1994, writ denied). Contrary to Conely's assertion that

Zeller's affidavit contains legal conclusions, our review shows that Zeller relates facts in his affidavit. Conely's remaining objections to the affidavits are refuted by the plain language of the affidavits themselves. We therefore overrule point five.

In his fourth point of error, Conely asserts that the trial court erred by failing to conduct a fact-finding hearing and to give him an opportunity to be heard. The trial court recites in the summary judgment that it considered the parties' pleadings, which we construe to include all evidence attached to the summary-judgment pleadings. Having examined the parties' evidence, the trial court determined that no genuine issue existed as to any material fact and that Zeller and Peck were entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c). In making this determination, the trial court was precluded from receiving oral testimony. *Id.* Our review on appeal has confirmed the trial court's decision. Because Conely presented no factual issue, he was not entitled to a fact-finding hearing. We overrule point four.

In point of error one, Conely complains that the trial court erred in denying his motion for a bench warrant. In point two, he complains that the trial court erroneously refused to rule on his motion for continuance. The transcript does not contain these motions nor does it contain the court's ruling on a motion for a bench warrant. Nothing of record shows that the court refused to rule on a motion for continuance. We presume that omitted portions of the record support the trial court's judgment. *University of Tex. v. Hinton,* 822 S.W.2d 197, 202 (Tex.App.—Austin 1991, no writ); *Charles v. Zamora,* 811 S.W.2d 174, 176 (Tex. App.—Corpus Christi 1991, writ denied). *See* Tex.R.App. P. 50(d). Because Conely has failed to present a record showing error, we overrule points one and two.

In point of error six, Conely resumes the arguments made in the preceding five points of error. Having considered and overruled these points, we also overrule point six.

We affirm the judgment of the trial court.