**In the Interest of M.M., A Minor Child.**

No. 04–97–00825–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 5, 1998.

Lorenzo Martinez, Woodville, pro se.

John B. Worley, Asst. Atty. Gen., Child Support Div., Austin, for appellee.

Before HARDBERGER, C.J., and
LÓPEZ, GREEN, JJ.

OPINION

HARDBERGER, Chief Justice.

### INTRODUCTION

In this case, we decide whether a trial court abuses its discretion in ordering an incarcerated person to pay current and retroactive child support in the absence of evidence of the person's income and financial resources. Because the appellant, Lorenzo A. Martinez, failed to present such evidence to the trial court, we find there was no abuse of discretion, and we affirm the judgment. However, we accept the Attorney General's invitation to reform the judgment so that Martinez's monthly obligation does not exceed that for a minimum wage earner.

### FACTS AND PROCEDURAL HISTORY

In January 1997, the Texas Attorney General brought a petition on behalf of Katherine Mendiola to establish paternity of her minor daughter. Following court-ordered paternity tests and a family law master's hearing on support, the trial court signed an order adjudicating Martinez as the child's father and ordering him to pay current child support of $200 per month and retroactive support of $19,550. Martinez, who is currently serving a ten-year sentence in state prison, filed a general denial at the instigation of the suit, but did not appear at the hearing on child support. He now raises four points of error: (1) that the trial court abused its discretion in establishing current child support payments without taking into consideration Martinez's income; (2) that the trial court erred in assessing retroactive child support without taking into account Martinez's income; (3) that the trial court erred in not providing Martinez with a jury trial; and (4) that the trial court violated his constitutional rights.

### STANDARD OF REVIEW

A determination of child support will not be reversed unless there is a clear abuse of discretion. *Sanchez v. Sanchez,* 915 S.W.2d 99, 102 (Tex.App.—San Antonio 1996, no writ). For legal questions, a trial court abuses its discretion only if it clearly fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). For factual questions, the trial court abuses its discretion only when its decision is arbitrary and unreasonable. *Id.* at 839–40. In this case, the trial court made no findings of fact, and Martinez requested none. Therefore, we assume the trial court found all facts to support the judgment, and we will affirm the judgment if there is any legal theory supported by the record to justify it. *Southwest Livestock & Trucking Co. v. Dooley,* 884 S.W.2d 805, 807–808 (Tex.App.—San Antonio 1994, writ denied). When, as here, a reporter's record is filed, those findings are not conclusive. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989).

### DISCUSSION

■ Martinez argues that, because he is incarcerated, he has no income. However, he did not appear at the hearing or put on any evidence that he is without financial resources. Thus, he is asking this court to hold that there is a legal presumption that an incarcerated person has no assets on which to base a child support award. We agree with the other courts of appeals who have addressed this issue that such a presumption would not be in the best interests of children and parents seeking child support. *See Reyes v. Reyes,* 946 S.W.2d 627, 630 (Tex. App.—Waco 1997, no writ); *Hollifield v. Hollifield,* 925 S.W.2d 153, 156 (Tex.App.—Austin 1996, no writ); *see also* TEX. GOV'T CODE ANN. § 496.057 (Vernon 1990) (mandating that dependant support be withdrawn from wage-earning inmate's trust account).

■ In assessing child support, a trial court first determines the net resources of the parties. *Sanchez,* 915 S.W.2d at 102. The court then ascertains the number of children before it, determines the percentage of net resources the non-custodial parent would pay under the Family Code guidelines, and then considers whether any additional factors would justify varying from those guidelines. *Id.; see* TEX. FAM.CODE ANN. § 154.125 (Vernon 1996) (establishing guide-

lines according to number of children, where obligor's net resources are less than $6,000 per month); TEX. FAM.CODE ANN. § 154.123 (Vernon 1996) (outlining additional factors to be considered by trial court). In the absence of evidence regarding the obligor's resources, the court may presume that the party in question earns the minimum wage for a 40–hour work week. TEX. FAM.CODE ANN. § 154.068 (Vernon 1996).

We do not believe incarceration alone can rebut this minimum-wage presumption. *See Reyes,* 946 S.W.2d at 630. As the Attorney General points out, many people enter prison with assets from past employment. Some inmates earn an income while in prison. In the absence of proof from an incarcerated person that he or she does not have such resources, it would not be in the best interest of his children to excuse that person from support obligations.[2] *See Sanchez,* 915 S.W.2d at 102 (primary consideration in assessing child support is best interests of child). In addition, although Martinez may not be able to make support payments now, the assessment makes it possible for Mendiola to collect arrearages, should his financial condition improve in the future. *See* TEX. FAM.CODE ANN. § 154.123(b)(17) (Vernon 1996) (allowing trial court to deviate from guidelines if in the best interests of child).

The State concedes that an error was made in calculating Martinez's current support award. Applying the Family Code guidelines based on a presumed 40–hour work week at minimum wage, Martinez's support obligation should be $155 per month, rather than $200. We accept the Attorney General's invitation to reform the judgment accordingly. *See Louisiana Pac. Corp. v. Smith,* 553 S.W.2d 771, 778 (Tex.Civ.App.—

Tyler 1977, no writ) (where correct amount can be determined by mathematical calculation, appellate court may reform incorrect judgment).

■ We find no abuse of discretion in the trial court's assessment of retroactive support. *See* TEX. FAM.CODE ANN. § 154.009 (Vernon 1996) (allowing retroactive support to be assessed using child support guidelines). The trial court was permitted to presume, in the absence of proof otherwise, that Martinez had earned the minimum wage from the time of his daughter's birth.[3]

The Attorney General acknowledges that, applying the guidelines, the trial court's assessment of $19,550 in retroactive support exceeds the appropriate amount by $90. Although similarly negligible errors have been held not to be harmful, *see Zajac v. Penkava,* 924 S.W.2d 405, 409–10 n. 3 (Tex.App.—San Antonio 1996, no writ), we will modify the judgment to reflect the correct amount, in light of our decision to modify the current support award.

■ Martinez argues that both the current and retroactive awards were abuses of discretion because he was not permitted to appear at the child support hearing and offer evidence on his financial resources. However, the record does not support this contention. While a prisoner has a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 820, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), prisoners have no absolute right to appear personally at civil proceedings. *Nance v. Nance,* 904 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1995, no writ). While Martinez contends that his mother called the court to inquire about having a bench warrant issued, there is no motion in

---

2. The Attorney General asks this court to hold that incarceration qualifies as "voluntary unemployment" under the Family Code. *See* TEX. FAM. CODE ANN. § 154.066 (Vernon 1996) (trial court may order individual to pay more that actual income would indicate where that individual could earn more money but has intentionally chosen not to). We see no need to reach this issue, in light of the absence of proof regarding Martinez's resources, and we will not make a per se ruling that inmates may be assessed child support beyond their resources by virtue of their decision to commit a crime. *See Hollifield,* 925 S.W.2d at 156 (assuming incarceration is invol-

untary, but finding nonetheless that incarcerated person could be assessed child support).

3. At any rate, the presumption is not unreasonable in this case. The record reflects that Martinez had a bachelor's degree in meteorology and served in the Air Force during the period the child was growing up. At the time of the hearing, he had served two years of a ten-year sentence. The child's mother testified that this was his fourth prison sentence, but the record does not reflect the length of the other sentences.

the record and no evidence that the trial judge ruled on any request that Martinez be present at trial. *See Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 342 (Tex.App.— Corpus Christi 1997, no pet.) (where there is no record that trial judge ruled on motion for bench warrant, he did not abuse his discretion by refusal to grant writ of habeas corpus on that issue); *Conely v. Peck,* 929 S.W.2d 630, 633 (Tex.App.—Austin 1996, no writ) (where record contains no motion for bench warrant and no record of court's ruling on such motion, court presumes record supports judgment); *Huizar v. State,* 841 S.W.2d 875, 877 (Tex.App.—Corpus Christi 1992, no pet.) (where record shows no indication that bench warrant for motion to appear at hearing on motion for new trial, court did not err by allowing motion to be overruled by operation of law).

■ Martinez also claims that he was denied his right to a jury trial. However, the record shows no request for a jury and no ruling on such a request. In order to secure the right to a jury trial, the applicant must make a written request to the clerk of the court and pay the jury fee. TEX.R. CIV. P. 216. We overrule this point.

Finally, in his prayer for relief, Martinez alleges that the trial court violated his constitutional rights. Martinez makes no specific allegations and cites no constitutional provisions. We construe this claim to be that Martinez was denied his due process rights of notice and an opportunity to be heard. *See* U.S. CONST. amend. XIV; TEX. CONST. art I, § 19. The record reflects that he received notice, and there is no evidence that he requested the opportunity to be heard in person. *See Oliver v. Oliver,* 741 S.W.2d 225, 227 (Tex.App.—Fort Worth 1987, no writ) (without evidence that appellant was denied notice and hearing, court finds no due process violation). We overrule this point.

## CONCLUSION

In the absence of any proof regarding Martinez's present or past financial resources, we find the trial court did not abuse its discretion in awarding child support to his minor daughter. However, we agree with the Attorney General that errors in calculation resulted in improper awards. Therefore, we reform the judgment and order that Martinez pay $155 per month for current support and $19,460, in monthly installments, for retroactive support. All other points of error are overruled, and the judgment is affirmed as reformed.

GREEN, Justice, concurring and dissenting.

The question presented is whether, in the face of the stipulated standards of appellate review, we may modify a trial judge's order merely upon request of the Attorney General.

In this appeal by Lorenzo Martinez, the imprisoned adjudicated father, the Attorney General attempts to concede a mathematical error by the trial judge in calculating the support award against a presumed minimum wage earner, an error not raised by Martinez in his brief. The AG asks this court to downwardly modify the trial judge's award, and the majority has complied. I respectfully dissent.

The AG is correct that in the absence of evidence of the net resources of the obligor, the trial court shall presume an income equal to the federal minimum wage for a 40–hour week. *See* TEX. FAM.CODE § 154.068 (Vernon 1996). However, determining the resources available to the obligor is only the first step in the process. The court must also determine the number of minor children involved, the amount the obligor is required to pay under the guidelines, and whether additional factors justify a variance from the guidelines. *See id.* § 154.123 (listing additional factors for court to consider).

The majority ignores the fact that the trial judge seems to have decided to vary from the guidelines by ordering Martinez to pay $45 per month more than the amount specified. The judge was authorized to do this if, on considering the evidence and the factors listed in the statute, it was in the best interest of the child to do so. *See id.* Yet in the absence of any evidence that the trial court did not intend to deviate from the guidelines, the AG acts against the interest of the child it purports to represent by suggesting a

downward modification of the support order, claiming a mathematical error.

In a case such as this one, where findings of fact are neither requested nor filed, the trial court's judgment implies all necessary findings of fact to support it.[1] W. Wendell Hall, *Standards of Review in Texas*, 29 ST. MARY'S LAW J. 351, 497 (1998). However, the implied findings may be reviewed for sufficiency of the evidence when a reporter's record is filed, as it was in this case. *Id.* at 497–98.

Here, the evidence includes uncontested testimony that Martinez will soon be eligible for parole, he is a former member of the United States Air Force, and has a bachelor's degree in meteorology. Mendiola, the child's mother, specifically requested $200 a month, without reference to Martinez as a minimum wage earner. She also indicated that her child had no health insurance. Thus, a deviation from the guidelines is supported by the evidence. *See In Interest of Hidalgo*, 938 S.W.2d 492, 498 (Tex.App.—Texarkana 1996, no writ) (former employment may be considered by trial court in varying from guidelines). We are therefore unable to say it was not the intent of the trial court to do exactly what it did, or that it was not acting within its discretion when it did it.

We may not substitute our opinion—or indeed the opinion of the Attorney General—for the amount of child support deemed to be in the best interest of the child. That judgment and discretion is reserved for the trial court. Accordingly, although I concur that Martinez' appeal points should be overruled, the trial court's order should be affirmed as is.

---

**1.** The Family Code's requirement that the trial court file findings of fact if the support order varies from the guidelines is waived if no request for findings is made. *See* TEX. FAM.CODE § 154.130 (Vernon 1996); *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996).