Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00728-CV

Jesus **VELA**,
Appellant

v.

Yanira **VELA**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2007CVG000103-C1
Honorable Alvino "Ben" Morales, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  February 25, 2009

AFFIRMED

Jesus Vela appeals a final decree of divorce contending the trial court erred by: (1) denying his motion for appointment of counsel; (2) ordering him to continue to pay child support; and (3) denying his request for DNA testing.  Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion. Tᴇx. R. Aᴘᴘ. P. 47.4.

## APPOINTMENT OF COUNSEL

In his first issue, Vela, who is incarcerated, contends that the trial court erred in denying his motion requesting the appointment of counsel. A district judge has the discretion to appoint counsel for an indigent party "who makes an affidavit that he is too poor to employ counsel to attend to the cause." TEX. GOV'T CODE ANN. 24.016 (Vernon 2004). We review whether the trial court abused its discretion in denying Vela's motion by considering whether the underlying case involved "exceptional circumstances." *Gibson v. Tolbert*, 102 S.W.3d 710, 712-13 (Tex. 2003). "[W]hat is 'exceptional' is by definition rare and unusual - something not easily identified by a general rule." *Id*. at 713.

"A trial court does not abuse its discretion in refusing to appoint counsel to represent an indigent civil litigant unless the party requesting appointment demonstrates why the public and private interests at stake are so exceptional that the administration of justice would best be served by appointing an attorney to represent him." *Ruiz v. Ruiz*, No. 04-03-00897-CV, 2005 WL 291461, at *1 (Tex. App.—San Antonio Feb. 9, 2005, pet. denied) (mem. op.). Vela has not demonstrated any circumstances that characterize his divorce case as exceptional. *See id*. Rather than rare and unusual, divorce cases are common, and we cannot conclude that the trial court abused its discretion in determining that the underlying divorce case did not present exceptional circumstances requiring the appointment of counsel. *See Gibson*, 102 S.W.3d at 713; *Harrison v. Harrison*, No. 09-06-445-CV, 2007 WL 4991350, at *1 (Tex. App.—Beaumont March 13, 2008, no pet.) (mem. op.).

## CHILD SUPPORT

In his second issue, Vela contends that the trial court erred in ordering him to pay child support without giving him the opportunity to present evidence as to his current and future income.

In addition, Vela asserts that the trial court abused its discretion in refusing to suspend his child support obligation based on his long-term incarceration.

A determination of child support will not be reversed unless there is a clear abuse of discretion. *In re M.M.*, 980 S.W.2d 699, 700 (Tex. App.—San Antonio 1998, no pet.). In the absence of evidence of the wage and salary income of a party, the court must presume that the party earns minimum wage for a 40-hour work week. TEX. FAM. CODE ANN. § 154.068 (Vernon 2008).

With regard to Vela's opportunity to present evidence, Vela never requested that the trial court bench warrant him to appear in person or permit him to appear by affidavit or conference call. Because Vela failed to make such a request or provide relevant factual information necessary for the trial court to consider in evaluating the request, he cannot complain on appeal about his inability to present evidence. *See In re Z.L.T.*, 124 S.W.3d 163, 165-66 (Tex. 2003). Moreover, incarceration alone does not rebut the minimum-wage presumption. *In re M.M.*, 980 S.W.2d at 701. Because Vela's pleadings are not competent evidence, he failed to present any proof regarding his financial resources to rebut the minimum-wage presumption. *See In re E.L.C.*, No. 04-04-00698-CV, 2005 WL 1277345, at *1 (Tex. App.—San Antonio June 1, 2005, no pet.) (mem. op.); *In re B.R.G.*, 48 S.W.3d 812, 818 (Tex. App.—El Paso 2001, no pet.).

## PATERNITY TESTING

In his final issue, Vela asserts that the trial court erred in failing to require paternity testing before signing the divorce decree. Vela is presumed to be the father of the three children to which the decree relates because the record established that he was married to the children's mother, and the children were born during the marriage. TEX. FAM. CODE ANN. § 160.204(a)(1) (Vernon 2008). A proceeding by a presumed father to adjudicate parentage is barred if the presumed father fails to

commence the proceeding on or before the fourth anniversary of the child's birth. TEX. FAM. CODE ANN. § 160.607(a) (Vernon 2008). The only exception to this limitations bar is if the presumed father establishes:(1) the presumed father and mother did not live together or engage in sexual intercourse with each other during the probable time of conception; and (2) the presumed father never represented to others that the child was his own. TEX. FAM. CODE ANN. § 160.607 (b). A trial court "cannot order genetic testing if the proceeding to adjudicate parentage is barred as a matter of law by the four-year limitations period and the party requesting the testing produces no evidence of the exception found in section 160.607(b)." *In re Rodriguez*, 248 S.W.3d 444, 451 (Tex. App.—Dallas 2008, orig. proceeding). At the time of the divorce, Vela's children were nine, seven, and five years old, and Vela presented no evidence that the section 160.607(b) exception applied. Accordingly, the trial court did not err in refusing to order paternity testing.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice