COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-318-CV

 

 

MYRON D. JEFFERSON                                                         APPELLANT

 

                                                   V.

 

CAMELLA RENA HOLMES                                                        APPELLEE

 

                                              ------------

 

           FROM THE 325TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Myron D. Jefferson, a pro se prisoner,
appeals the final decree entered in his divorce.  In a single issue, he argues that the trial
court erred by Aawarding [child] support to be
based in the future when there was no evidence that [he] could earn any money.@  Specifically, Jefferson argues that the trial
court Afailed
to comply with the Texas Family Code and pertinent Texas Supreme Court cases@ by
ordering him to pay $600 a month in child support and that therefore Athe
order . . . has no legal or factual basis.@  We will affirm.

In February 2008, Appellee Camella Rena Holmes
filed an original petition seeking a divorce from Jefferson.  The petition stated that the parties had two
children and that ARespondent should be ordered to
make payments for the support of the child[ren].@  Jefferson filed a waiver of citation in which
he stated that he had read the petition and understood all the allegations
contained therein.

In July 2008, the trial court heard the final
divorce prove-up at which only Holmes appeared. 
At the hearing, Holmes testified that Jefferson was currently in prison
and that he would be released in November 2010. 
After hearing the testimony, the trial court granted the divorce and
signed a final decree of divorce, ordering Jefferson to pay child support of
$600 per month with the first payment Adue and
payable on the 1st day of the 2nd calendar month following [his] release from
jail.@  This appeal followed.[2]








A determination of child support will not be
reversed unless there is a clear abuse of discretion.  In re M.M., 980 S.W.2d 699, 700 (Tex.
App.CSan
Antonio 1998, no pet.).  However, an
appellate court has no jurisdiction to render an advisory opinion on a
controversy that is not yet ripe or to decide a case on speculative, hypothetical,
or contingent fact situations.  Camarena
v. Tex. Employment Comm=n, 754
S.W.2d 149, 151 (Tex. 1988); see Tex. R. App. P. 47.1.

Here, Jefferson argues that there is no credible
evidence in the record that he has the potential to make any money because now
he is a convicted felon and the country=s
financial future is uncertain.  He argues
that such lack of evidence makes the decree void.  Jefferson concludes by asking this court to Astrike
that portion of the decree that incurs financial obligations on [him] until
some time when he is released when his financial status can be fully explored
and documented.@








Jefferson does not complain about any current
child support payments.  His only
complaint concerns what final decree requires him to pay upon his release from
prison.  The trial court heard testimony
from Holmes that before Jefferson went to jail, he Ahad a
detail shop and -- different other things.@  Holmes also testified that $600 a month in
child support payments would be appropriate once Jefferson reopened his detail
shop.  Because Jefferson=s child
support obligation does not take effect until his release from prison, his
argumentCthat
there is no evidence that, now as a convicted felon and given the economy, he
can meet this obligationCis speculative and contingent on
future facts.  Based on the record before
us, the trial court did not abuse its discretion by suspending any current
child support obligations and ordering future child support once Jefferson is
released from prison.  Accord M.M.,
980 S.W.2d at 701. To the extent that Jefferson complains that the future child
support obligation is excessive, that complaint is at this point hypothetical
and speculative, and we will not address it.[3]  See In re H.B., No. 02-06-00102-CV,
2006 WL 3438193, at *2 (Tex. App.CFort
Worth Nov. 30, 2006, no pet.) (mem. op. on reh=g)
(holding that absent an actual injury from the operation of family code section
263.401(a)=s time line, appellant=s
constitutional challenge was not ripe, and any opinion by this court would be
merely advisory).  We therefore overrule
Jefferson=s sole issue and affirm the
trial court=s judgment.

 

PER
CURIAM

 

 

PANEL: WALKER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:  March 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]Holmes did not file a
brief with this court.





[3]Should Jefferson not be
able to meet his child support obligation after his release, he could
present his financial information to the trial court via a motion to modify his
child support obligation.  See
generally Tex. Fam. Code Ann. '' 156.001B.410 (Vernon 2008).