

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-318-CV

MYRON D. JEFFERSON                                                    APPELLANT

V.

CAMELLA RENA HOLMES                                                    APPELLEE

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Myron D. Jefferson, a pro se prisoner, appeals the final decree entered in his divorce. In a single issue, he argues that the trial court erred by "awarding [child] support to be based in the future when there was no evidence that [he] could earn any money." Specifically, Jefferson argues that the trial court "failed to comply with the Texas Family Code and pertinent Texas

---

[1] *See* Tex. R. App. P. 47.4.

Supreme Court cases" by ordering him to pay $600 a month in child support and that therefore "the order . . . has no legal or factual basis." We will affirm.

In February 2008, Appellee Camella Rena Holmes filed an original petition seeking a divorce from Jefferson. The petition stated that the parties had two children and that "Respondent should be ordered to make payments for the support of the child[ren]." Jefferson filed a waiver of citation in which he stated that he had read the petition and understood all the allegations contained therein.

In July 2008, the trial court heard the final divorce prove-up at which only Holmes appeared. At the hearing, Holmes testified that Jefferson was currently in prison and that he would be released in November 2010. After hearing the testimony, the trial court granted the divorce and signed a final decree of divorce, ordering Jefferson to pay child support of $600 per month with the first payment "due and payable on the 1st day of the 2nd calendar month following [his] release from jail." This appeal followed.[2]

A determination of child support will not be reversed unless there is a clear abuse of discretion. *In re M.M.*, 980 S.W.2d 699, 700 (Tex. App.—San Antonio 1998, no pet.). However, an appellate court has no jurisdiction to

---

[2] Holmes did not file a brief with this court.

render an advisory opinion on a controversy that is not yet ripe or to decide a case on speculative, hypothetical, or contingent fact situations. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988); *see* Tex. R. App. P. 47.1.

Here, Jefferson argues that there is no credible evidence in the record that he has the potential to make any money because now he is a convicted felon and the country's financial future is uncertain. He argues that such lack of evidence makes the decree void. Jefferson concludes by asking this court to "strike that portion of the decree that incurs financial obligations on [him] until some time when he is released when his financial status can be fully explored and documented."

Jefferson does not complain about any current child support payments. His only complaint concerns what final decree requires him to pay upon his release from prison. The trial court heard testimony from Holmes that before Jefferson went to jail, he "had a detail shop and -- different other things." Holmes also testified that $600 a month in child support payments would be appropriate once Jefferson reopened his detail shop. Because Jefferson's child support obligation does not take effect until his release from prison, his argument—that there is no evidence that, now as a convicted felon and given the economy, he can meet this obligation—is speculative and contingent on

3

future facts. Based on the record before us, the trial court did not abuse its discretion by suspending any current child support obligations and ordering future child support once Jefferson is released from prison. *Accord M.M.*, 980 S.W.2d at 701. To the extent that Jefferson complains that the future child support obligation is excessive, that complaint is at this point hypothetical and speculative, and we will not address it.[3] *See In re H.B.*, No. 02-06-00102-CV, 2006 WL 3438193, at *2 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op. on reh'g) (holding that absent an actual injury from the operation of family code section 263.401(a)'s time line, appellant's constitutional challenge was not ripe, and any opinion by this court would be merely advisory). We therefore overrule Jefferson's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: March 26, 2009

---

[3] Should Jefferson not be able to meet his child support obligation *after* his release, he could present his financial information to the trial court via a motion to modify his child support obligation. *See generally* Tex. Fam. Code Ann. §§ 156.001–.410 (Vernon 2008).