Dissenting opinion issued June 21,
2011.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00785-CV

———————————

Juan Ayala, Appellant

V.

Blanca Edit
Ayala, Appellee



 



 

On Appeal from the 312th Judicial District Court 

Harris County, Texas



Trial Court Case No. 2008-14153

 



DISSENTING
OPINION

          Mr.
Juan Ayala’s second point of error contends that the evidence is insufficient
to support the trial court’s award of $61,498 as retroactive child
support.  

          That a
parent may be ordered to pay retroactive child support is statutorily
established. Tex. Fam. Code Ann.
§§ 154.131, 154.009 (Vernon 2008).  However,
the basis for such an order’s application of the child support guidelines is to
be the net resources of the obligor during
the relevant time period (that period for which the trial court granted
retroactive child support). Id.; Flores v. Cuevas, 2007 WL 624716, at *4
(Tex. App.—Houston [1st Dist.] 2007, no pet.). 
Absent evidence of obligor’s earnings during the pertinent time, the
trial court can neither consider nor calculate the obligor’s net resources for that
period.  In re J.A.J., 283 S.W.3d 495, 500 (Tex. App.—Beaumont 2009, no
pet.).  Nor may the trial court calculate
retroactive child support based on the obligor’s current wages, but must presume
that the obligor was making minimum wage for forty hours a week and calculate
retroactive child support accordingly.  See id.; Tex. Fam. Code Ann. § 154.068 (Vernon 2008); In re M.M., 980 S.W.2d 699, 700 (Tex.
App.—San Antonio 1998, no pet.) (applying minimum wage presumption to
retroactive child support award). 

          Blanca
Ayala testified that Juan “currently” made $750.00 a week, but the trial court was
presented no evidence of Juan’s income during the relevant time period.  Absent such evidence, the trial court should
have presumed that Juan was making minimum wage for forty hours a week and
calculated retroactive child support accordingly.  See
Flores, 2007 WL 624716, at *4. (In determining the amount of
retroactive support, and in the absence of relevant evidence of earnings,
"the trial court should have presumed that Flores had wages or salary
during the relevant time period equal to the federal minimum wage for a 40-hour
week." ).

By granting child support on a
different basis, with no evidence of Juan’s net resources at the pertinent
times, the trial court abused its discretion and the error appears on the face
of the record.  I would sustain Juan’s
second point of error and remand this case to the trial court for further
hearings as necessary to establish whether the trial court should order
retroactive child support and the amount, if any, that should be awarded.  Accordingly, I dissent. 

 

                                                                   Jim
Sharp

                                                                   Justice


 

 Panel consists of Justices Keyes,
Sharp, and Massengale.