

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00470-CV

IN THE INTEREST OF E.D.F. AND C.G.F., CHILDREN

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 18,996, Honorable Paula Lanehart, Presiding

October 9, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Stephen G. Finley, appearing *pro se*, appeals portions of an order in a family law matter. Through two issues, he challenges the trial court's finding that he failed to prosecute a 2004 motion to modify child support and its order setting his current child support obligation at the rate of the federal minimum wage. The appellees are Beverly Diane May and the Office of the Attorney General (OAG). May did not file a brief. Finding no abuse of discretion by the trial court, we will affirm the order appealed.

## Background

Finley and May are the parents of two daughters, E.D.F. and C.G.F., born in 1993 and 1995 respectively. They were divorced in 1997, by decree of a Lubbock County district court. The decree named May sole managing conservator of E.D.F. and C.G.F. and Finley possessory conservator. Finley was ordered to pay $488 per month as child support.

May moved E.D.F. and C.G.F. to Travis County, Texas. Finley remarried in 2000 and he and his wife have one child born in November 2001. In December 2002, a Travis County district court modified the decree, increasing Finley's child support obligation to $585 per month.

Finley holds a master's degree with work toward a Ph.D. He was employed as a technical writer for the University of Texas at Austin and later Texas Tech University. His employment with Texas Tech ended in November 2003. According to May's trial testimony, from June 2004 through January 2010, and from March 2010 through April 2011 Finley made no child support payment in the amount ordered.

In early 2004, Finley filed a motion to modify support in Travis County. Although this pleading is not included in the record, Finley apparently argued a material change of circumstances because of loss of his employment. It is undisputed that the motion was never heard by a court of Travis County.

In April 2011, the OAG brought a motion in Travis County to enforce and modify the decree's support order. Among other things, the motion asked the court to hold Finley in contempt for nonpayment of support. In June 2011, Finley began paying $85

2

per month, from his wife's income, toward his child support obligation. May moved the children to Terry County and the case was transferred during 2011.

In an April 2012 motion, Finley asked the district court of Terry County to modify the support order by reducing his child support obligation to $85 per month or less. He based the requested change on lost employment and his inability to locate a new job. He requested the court to consider the motion "an amendment" of his 2004 motion. Elsewhere in the motion, Finley moved for an order holding May in contempt for, among other things, denying him visitation.

At a July 2012 hearing, the trial court considered the motions filed by the OAG and Finley. Appointed counsel represented Finley on the OAG's contempt motion while on all other matters Finley appeared *pro se*. Finley presented a substantial body of tangible and testimonial evidence supporting his claim of continuing unemployment. He testified that his inability to find employment, ranging from minimum wage to professional positions, stemmed from a wrongful termination lawsuit he unsuccessfully brought against Texas Tech. He told the court he was over- or under-qualified for the positions he sought and lacked resources to relocate or open a business.

In a later order, the trial court ruled on the matters heard at the July hearing. It held Finley in contempt for failing to make the child support payment due December 1, 2004. He was ordered jailed for ten days with the sentence suspended in favor of community supervision for fourteen months. Finley's child support arrearages were confirmed through November 2011 in an award of $59,558.28 in favor of the OAG. Finley's motion to hold May in contempt was denied. Applying the minimum wage

presumption of Family Code section 154.068, the order fixed Finley's current monthly child support obligation, retroactive to December 1, 2011, at $199.35. May was ordered to provide health insurance for C.G.F. E.D.F. had reached the age of majority. According to a finding stated in the order and later in findings of fact and conclusions of law, Finley failed to prosecute his 2004 motion to modify.

Analysis

By his first issue, Finley argues the trial court abused its discretion by finding he failed to prosecute the 2004 motion to modify child support.[1] Within this global complaint Finley contends he incorporated by reference the 2004 motion in subsequent pleadings and intended its hearing at the July 2012 setting, it was error to dismiss the motion after the hearing since neither the court nor a party previously sought dismissal, and he was not afforded notice of the trial court's intent to dismiss.

A trial court is empowered to dismiss a case for want of prosecution either under Texas Rule of Civil Procedure 165a or its inherent power to control its docket. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). Under either standard, a party must be provided notice and opportunity to be heard before a court may dismiss a case. *Id.* We review a trial court's order of dismissal for want of prosecution by the abuse of discretion standard. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997).

---

[1] Neither the final order nor the findings of fact and conclusions of law state the trial court dismissed Finley's 2004 motion to modify for want of prosecution. However, since Finley bases his argument on a belief that his motion was dismissed for want of prosecution, we begin our analysis of his first issue accordingly.

As noted, Finley referenced the 2004 motion in his 2012 motion. The record includes no pretrial effort by the OAG, May, or the trial court to dismiss the 2004 motion for want of prosecution. The record of the July 2012 trial itself contains no mention of possible dismissal of the 2004 motion for want of prosecution. Nor does the record include notice to Finley of possible dismissal of the 2004 motion for want of prosecution. Indeed, the parties vigorously tried the issue of Finley's requested reduction in child support because of his claimed unemployment from 2004 to the time of trial.

The record does not contain a motion for new trial or motion to reinstate in which Finley pointed out to the trial court his now-asserted claim of wrongful dismissal for want of prosecution. Indeed, we find no indication Finley took any measure to bring his contention to the trial court's attention. Rather, he initiated the present appeal. Because Finley did not first raise his present complaint in the trial court and because the error he asserts is not fundamental,[2] he failed to preserve his complaint for our review. *See* TEX. R. APP. P. 33.1(a); *Luna v. UPS, Inc.,* No. 01-02-00144-CV, 2003 Tex. App. LEXIS 465, at *4-5 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, pet. denied) (finding non-fundamental error concerning notice of intent to dismiss suit not raised in motion to reinstate was not preserved for appellate review); *Thompson v. Ereckson,* 814 S.W.2d 805, 808 (Tex. App.—Waco 1991, no writ) (stating that unless error is fundamental, constitutional challenge not properly raised in trial court by motion to reinstate is waived on appeal). *Cf. In re J.F.C.,* 96 S.W.3d 256, 291 (Tex. 2002) (noting that a harm analysis is not conducted for jurisdictional fundamental-error review).

---

[2] Fundamental error in a civil case exists only "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982) (per curiam).

Moreover, as for disposition of Finley's motion on its merits, we do not find error by the trial court. Family Code section 156.401(b) provides, "A support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of (1) the date of service of citation; or (2) an appearance in the suit to modify." TEX. FAM. CODE ANN. § 156.401(b) (West 2014). Thus, while the trial court is afforded discretion to order retroactive child support, retroactive modification is not required. *In re H.J.W.,* 302 S.W.3d 511, 514 (Tex. App.—Dallas 2009, no pet.). *See In re Naylor,* 160 S.W.3d 292, 294 (Tex. App.—Texarkana 2005) (citing *In re J.G.Z.,* 963 S.W.2d 144, 149 (Tex. App.—Texarkana 1998)); *Lazarte v. Lazarte,* No. 13-11-00362-CV, 2012 Tex. App. LEXIS 6152, at *7-8 n.5 (Tex. App.—Corpus Christi July 26, 2012, no pet.) (mem. op.) (same); *cf. In re H.J.W.,* 302 S.W.3d at 514 (recognizing "the family code generally prohibits the retroactive modification of child support"). But the record here contains no evidence of the date of service of Finley's 2004 motion and the date of May's appearance. Finley appended to his appellate brief copies of documents reflecting those events, but none of the appended documents are a part of the appellate record. We may not give effect to evidence attached to a brief but not made part of the record developed at trial. *Scott v. Simpson,* 2005 Tex. App. LEXIS 10359, at *1-2 (Tex. App.—Amarillo Dec. 12, 2005, no pet.) (per curiam, mem. op.) (citing *Castano v. San Felipe Agricultural, Mfg. & Irr. Co.,* 147 S.W.3d 444, 452-53 (Tex. App.—San Antonio 2004, no pet.) and *Custom-Crete, Inc. v. K-Bar Services, Inc.,* 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.)). Because the record does not show the trial court had evidence of the specific dates for service of the 2004 motion and May's responsive appearance, it lacked any evidentiary basis to grant Finley relief.

For both these reasons, Finley's first issue is overruled.

In his second issue, Finley argues the trial court erred by setting child support according to the minimum wage presumption of Family Code section 154.068. At the time of hearing, that section provided, "In the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour week."[3]

In its findings of fact and conclusions of law the trial court found:

> The court orders (guideline) current child support of $199.35 per month for the one unemancipated child and beginning the 1st day of December, (sic) 2011 and on the same day of each month thereafter until emancipation or further order of court. The Court finds that the federal minimum wage presumption of Section 154.068, Texas Family Code, applied and $1,256.67 gross monthly resources based on minimum wage presumption. The final net monthly resources found by the Court is $1,116.12 and the court applies the alternative method of computing support for children in more than one household as set out in Section 154.129, Texas Family Code.

Generally, a complaining party must show that a trial court's support order amounts to a clear abuse of discretion before it will be disturbed on appeal. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *McGuire v. McGuire,* 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

"A parent's duty to support his or her minor child exists regardless of whether that parent has been ordered to pay child support. It also exists regardless of whether that parent has custody of the child." *R.W. v. Tex. Dep't of Protective & Regulatory Servs.,*

---

[3] *See* Act of April 6, 1995, 74th Leg., ch. 20, § 1, 1995 TEX. GEN. LAWS 113, 161 (amended 2013) (current version at TEX. FAM. CODE ANN. § 154.068).

944 S.W.2d 437, 440 n.4 (Tex. App.—Houston [14th Dist.] 1997, no writ) (citations omitted); *Villasenor v. Villasenor,* 911 S.W.2d 411, 419 (Tex. App.—San Antonio 1995, no writ) (noting a parent's support obligation of a minor child).  The duty to support a child is not limited to a parent's ability to pay from current earnings, but also extends to his or her financial ability to pay from any and all sources that might be available.  *In re Striegler,* 915 S.W.2d 629, 638 (Tex. App.—Amarillo 1996, writ denied); *Roosth v. Roosth,* 889 S.W.2d 445, 455 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Musick v. Musick,* 590 S.W.2d 582, 586 (Tex. Civ. App.—Tyler 1979, no writ).

The Family Code provides that the court "shall calculate net resources for the purpose of determining child support liability."  TEX. FAM. CODE ANN. § 154.062(a) (West 2014).  The Family Code specifies the method of calculating net resources.  TEX. FAM. CODE ANN. § 154.062(a) (West 2014).  "'Net resources' include all wage and salary income, self-employment income, and all other income actually being received."  *Moreno v. Perez,* 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. FAM. CODE ANN. § 154.062(b)).  Section 154.063 provides that "[t]he court shall require a party to . . . furnish information sufficient to accurately identify that party's net resources and ability to pay child support."  *Id.* (citing TEX. FAMILY CODE ANN. § 154.063).  Without evidence of net resources "the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied."  TEX. FAM. CODE ANN. § 154.068 (West 2014).[4]

---

[4] This is the current version of the statute effective September 1, 2013.  *See* Act of May 20, 2013, 83rd Leg., R.S., ch. 1046, § 3, 2013 TEX. GEN. LAWS 2504, 2505 (amending TEX. FAM. CODE ANN. § 154.068).  Whether under the former or current version of section 154.068, our disposition of this issue would be the same.

As noted, Finley holds a master's degree with work toward a Ph.D. He was employed for several years by Texas Tech University as a technical writer. There is evidence of extensive job searches for a variety of positions including customer service, teaching, communications, and broadcasting. Finley did not present evidence of unemployability. Rather, he asserted he had been unable to find new employment for the reasons noted earlier.

When a case is tried to the bench, the court as fact finder judges the weight and credibility of the witnesses and evidence, resolves any conflicts in the evidence, and decides which testimony and witnesses to believe. *In re Estate of Rice,* No. 09-12-00295-CV, 2013 Tex. App. LEXIS 7215, at *19-20 (Tex. App.—Beaumont June 13, 2013, no pet.) (mem. op.) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005); *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex. 2003); *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.,* 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). The trial court here could have found Finley's evidence insufficient to rebut the minimum wage presumption of section 154.068. Thus, it was statutorily bound to set child support according to the federal minimum wage for a 40-hour week. *In re N.H.P.,* No. 05-04-00009-CV, 2004 Tex. App. LEXIS 10976, at *2-5 (Tex. App.—Dallas Dec. 7, 2004, no pet.) (mem. op.) (citing *In re Martin,* 881 S.W.2d 531, 536-537 (Tex. App.—Texarkana 1994, writ denied) (when record contained no evidence of obligor parent's wage or salary income and no evidence obligor parent was unemployable, only currently unemployed, trial court correctly applied the minimum wage presumption of section 154.068); *In re Hidalgo,* 938 S.W.2d 492, 495-96 (Tex. App.—Texarkana 1996, no writ) (holding in the face of evidence of obligor's wage at last

9

job, a one year period of unemployment at the time of trial, and that she was not unemployable, trial court correctly applied the presumption of section 154.068).

In comparison, an obligor's status as an inmate does not alone mean the person lacks financial resources. In *In re M.M.,* 980 S.W.2d 699, 700 (Tex. App.—San Antonio 1998, no pet.), the court refused to indulge a presumption of no income in favor of an incarcerated obligor merely because of his incarceration. Noted the court, the obligor did not present evidence in the trial court that he lacked financial resources. *Id.* It further observed even if the obligor was currently unable to make support payments, the assessment of income based on section 154.068 made it possible for the obligee to collect arrearages should the obligor's financial situation improve. *Id.* at 701.

On this record, we cannot conclude the trial court abused its discretion in applying the minimum wage presumption of section 154.068.[5] Finley's second issue is overruled.

---

[5] Within Finley's argument under this issue appear threads of an equitable plea that "justice and common sense dictate" setting child support "at or near zero" until he begins generating income. Central to the contention is the idea that Finley should not be strapped with debt because he conducted a "reasonable" and "exceptional" search for employment. To the extent Finley intends this as a sub-issue complaining the trial court erred by failing to depart from the child support guidelines, *see* TEX. FAM. CODE ANN. §§ 154.122; 154.123; 154.130 (West 2014), we do not find the matter adequately raised in the trial court to be preserved for appellate review. TEX. R. APP. P. 33.1(a). It also was not sufficiently assigned on appeal as an issue for our consideration. TEX. R. APP. P. 38.1(f),(i). Moreover, on this record, and despite Finley's contrary assertion, the trial court could reasonably have believed a departure from the guidelines was not in the best interest of the child.

Conclusion

Having overruled Finley's two issues, we affirm the order of the trial court.


James T. Campbell
Justice