# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00325-CV

**Luther W. Cobb, Sr., Appellant**

**v.**

**Marilene F. Cobb, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 261,263-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Luther W. Cobb, Sr. appeals from the divorce decree terminating his marriage to Marilene F. Cobb. Representing himself on appeal as he did at trial, he presents eight issues ranging from an assertion that a typographical error rendered the judgment void to a contention that the trial court erred by failing to make findings of fact and conclusions of law. We will affirm the judgment.

## BACKGROUND

The parties were married in December 1992 and ceased to live together in February 2005, around the time appellant was arrested and imprisoned.[1] They had one child who

---

[1] Appellee testified that appellant was sentenced to 21 years in prison for sexual abuse of a child—a girlfriend, she thought—that began in 2005. At the trial in this case, appellant testified that he was convicted of "something with a child." He asserted that his criminal conviction was based on false testimony and argued that his conviction was not final. This Court's records include

was an adult and one who was eight years old when appellee filed the petition for divorce in December 2012. Appellant filed numerous pleadings, in some of them purporting to distinguish his flesh-and-blood self from what he described as a corporate self, which he differentiated in ways including the extent of capitalization of letters in their names.

Appellant participated in the trial by telephone from prison. He repeatedly asserted that he was only making a special appearance despite his numerous previous filings and the trial court's statement that he had thereby consented to the court's jurisdiction. He claimed not to have been notified about the action despite those filings and his being on the telephone from prison to speak during the trial. He also claimed that the trial court did not have jurisdiction over appellee because she testified that her name was spelled differently and her birthdate was listed differently on her birth certificate than the person he married. He contended that the court could not end the marriage that began in the Philippines. He sought joint custody despite being in prison. Appellant also claimed that the court should recognize as his separate property his voluntary separation pay from the army.

The trial court granted the divorce and awarded each party the community property in their possession. Other than declaring such property to be separate property, it did not make any findings regarding any separate property of the parties. It awarded appellee sole managing conservatorship of their minor child and ordered appellant to pay $203 per month in child support.

---

a case styled *Luther Wayne Cobb v. The State of Texas*, No. 03-05-00159-CR (Tex. App.—Austin July 7, 2006, pet. ref'd). The appellant in that case was sentenced to twenty years in prison for indecency with a child by contact. *See id.*, slip op. at 1. Mandate issued in November 2006.

2

It also ordered appellee to pay appellant $5,000 of community funds stemming from appellant's military separation pay and to submit that payment to appellant at the prison.

**DISCUSSION**

Appellant raises eight issues assailing the trial court's judgment and its failure to file findings of fact and conclusions of law. Appellee did not file a brief in response.

Appellant contends by issue one that his notice of appeal was timely filed. No one disputes this assertion. Judgment was signed February 18, 2014. His prematurely filed request for findings of fact and conclusions of law were deemed filed that same day, *see* Tex. R. Civ. P. 306c, and thus extended the time for filing the notice of appeal until 90 days after judgment, *see* Tex. R. App. P. 26.1(a)(4). The extended due date was May 19, 2014, which is the date he filed his notice of appeal.

Appellant contends by issue three that "cause number 261,263-D is void" because appellee's counsel typed cause number 266,263-D on top of the decree drafted for the judge's signature. The signed decree bears a handwritten correct cause number. That is not an error by the trial court, much less one rendering the judgment void. We overrule issue three.

Appellant contends by issue four that the trial court lacked jurisdiction because of a discrepancy in the spelling of appellee's name between the spelling in her petition and in her birth certificate. The spelling of appellee's name is not among the elements for jurisdiction in a divorce case. Texas law permits a suit for divorce if either the petitioner or the respondent has been "(1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period." Tex. Fam. Code § 6.301. Appellee was

3

asked, "[H]ave you been a domiciliary of the state of Texas for the preceding six month period and a resident of this county for the preceding 90 day period?" She responded, "Yes," and there was no evidence contradicting her testimony. We overrule issue four.

By issue five, appellant challenges the order that he pay child support, complaining that his indigence and lack of income was undisputed. Appellant did not offer and have admitted evidence of his indigence at the trial. At the time of this trial, Texas law provided as follows: "In the absence of evidence of a party's resources, as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied." Tex. Fam. Code § 154.068(a).[2] At the time of trial, prisoners were not automatically excepted from the rebuttable presumption that a parent had income equal to a 40-hour work week at a minimum-wage job. *See In re M.M.*, 980 S.W.2d 699, 700 (Tex. App.—San Antonio 1998, no pet.). Appellant's residence in prison was not disputed, but he presented no evidence of his inability to earn income there. At the very end of the trial after the judge began announcing the decree, appellant interjected, "Judge, I don't have a job. I cannot earn a living down here." But he made that statement outside the context of examination or evidence. The trial court was not required to make a finding that appellant could support his child because the

---

[2] At the time of trial, subsection (a) was the entirety of Family Code Section 154.068, but the statute was amended in 2015 to add subsection (b). *See* Act of May 23, 2015, 84th Leg., R.S., ch. 1249, § 1, 2015 Tex. Gen. Laws 4207, 4207. Subsection (b) provides that the minimum-wage presumption does not apply if the court finds that the party is incarcerated in a state prison at the time the court is determining the party's income. *See* Tex. Fam. Code 154.068(b). Subsection (b) does not control this case, however, because it applies only to cases pending in the trial court on September 1, 2015, or filed thereafter. *See* Act of May 23, 2015, 84th Leg., R.S., ch. 1249, § 2, 2015 Tex. Gen. Laws 4207, 4207.

applicable statute created a presumption that he could. *See former* Tex. Fam. Code § 154.068. This approach focused on the best interest of the child. *See M. M.*, 980 S.W.2d at 700. Appellant did not at trial rebut the presumption that he could fulfill his responsibility to support his child by offering and having admitted contrary evidence at the trial. We find no error and overrule issue five.

Appellant contends by issue six that the trial court abused its discretion by not allowing him to make an appearance at a hearing on February 18, 2014. The only indication in the record that anything was set to occur on that date is the trial court's letter to appellant that states, "Because you didn't call in when the case was set last week, the Court entered a Decree which should have been sent to you by the District Clerk or your spouse's attorney. This case is concluded at this time." There is no indication that the trial court did anything to prevent appellant from participating in a hearing, that a hearing occurred, or that anything occurred in appellant's absence other than the signing of the final decree. No hearing is required to enter a judgment. *See generally* Tex. R. Civ. P. 300-308a. The trial occurred on November 14, 2013, at which appellant appeared by telephone and had the opportunity to participate. We overrule issue six.

By issue seven, appellant contends that the reporter's record is inaccurate as to what he was convicted of. Appellant had the opportunity to prove the nature of his conviction at the trial. In footnote one above, we have discussed the evidence and the opinion of this Court in a criminal appeal filed in 2005. The trial court's decree does not specify the nature of appellant's offense other than that he has "a history of sexual misconduct and has been incarcerated." Appellant has not shown that the record from the trial demonstrates that this summary is incorrect. We overrule issue seven.

5

Appellant raises two issues concerning the trial court's failure to make findings of fact and conclusions of law. By issue two, he contends that he took the steps necessary to obligate the trial court to make the findings and conclusions. By issue eight, he contends that the trial court should have made findings and conclusions regarding a "full accounting of the missing money (separate property) and community property [that] has not been accounted for."

Appellant urges that he timely requested findings and conclusions and, with the help of the mailbox rule, timely reminded the trial court of its obligation to make them. As discussed above, his December 9, 2013 request for findings and conclusions was deemed to have been filed on the date of but after the trial court signed the February 18, 2014 judgment. *See* Tex. R. Civ. P. 306c. Appellant filed a request for findings and conclusions on March 13, 2014 which would have been untimely, but appellant's premature December request ripened upon filing of the judgment. *See id.* R. 306c. He timely requested findings and conclusions. His notice of past due findings was due on March 20, 2014—*see id.* R. 297—and arrived on March 21, 2014. However, the certificate of service states that the notice was placed in the mail on March 17, 2014, and sent to the district clerk, which makes it timely under the mailbox rule. *See id.* R. 5. The trial court erred by not making findings and conclusions as requested.

We must determine whether that error harmed appellant. A trial court's failure to make findings and conclusions despite a proper and timely request raises a presumption of harm that is subject to rebuttal apparent from the face of the record. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). If a trial court deviates from the child-support guidelines, it must, upon request, make written findings of fact and conclusions of law. *Id.* Error is harmful if it prevents an appellant from

properly presenting a case to the appellate court regarding the division of the marital estate or the child-support order. *Id.*

Appellant appears to urge that he was harmed by the failure to make a finding regarding separate and community property. All property on hand at the dissolution of marriage is rebuttably presumed to be community property. Tex. Fam. Code § 3.003. A spouse claiming assets as separate property must establish their separate character by clear and convincing evidence. *Id.* § 3.003(b). Property owned before marriage, or acquired during marriage by gift, devise descent, or personal-injury recovery, is separate property. *Id.* § 3.001. Community property is the property, other than separate property, acquired by either spouse during marriage. *Id.* § 3.002. If the evidence shows the parties' separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption will prevail. *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973); *Robles v. Robles*, 965 S.W.2d 605, 622 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). To overcome the community property presumption, the party asserting separate ownership must clearly trace the original separate property into the particular assets on hand during the marriage. *McKinley*, 496 S.W.2d at 543; *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex. App.—Austin 2002, pet. denied). Tracing involves establishing the separate origin of property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Ganesan*, 96 S.W.3d at 354. The burden of tracing is difficult, but not impossible, to sustain. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.). As a general rule, mere testimony that funds came from a separate source, without any tracing of the funds, will not constitute the clear and convincing

7

evidence necessary to rebut the community presumption. *Id.* Any doubt as to the character of property should be resolved in favor of the community estate. *Id.*

Though appellant's issue mentions broadly findings regarding "all money," he focuses on $5,000 that remains from some larger payment from the Army that he asserts is separate property. He described the "missing" money at trial as follows:

> I have $20,000 of separate property that the petitioner has of mine. $20,000, $20,000, 600, $20,000 and $66 which is reserve—voluntary separation pay which was issued upon the teenager which is—which is (inaudible) pay which is nondivisible. Therefore this was—upon my DFAS, my accounting set up from DFAS. This also is set up on my DD214. This is—also can be verified that she picked this money up. This right here is nondivisible money that is separate property. That is not for the kids. It's not for the children. It's only for my—real back until the civil world. That's what—that's what mandated from the courts, that's what is mandated from the congress and that's what is established in the state of Texas.

The parties agreed that appellee picked up the funds from the military in February 2005 at which time, according to appellant, they had "like 80 something thousand dollars in the bank. Twenty of that thousand dollars was mine, only mine and this military readjustment pay which is separate property." Appellee told the court that she used $8,000 to pay for appellant's lawyer and spent the rest on their children for books, shelter, and dress, leaving about $5,000. Appellant asserted that the $8,000 used to pay his attorney came from community funds, not his separate property.

Appellant offered no documentary evidence concerning this money at trial. Because the money was undisputedly paid during the marriage, it is presumed to be community property. Appellant bases his contention that the money is separate property on a case that is factually distinct in one critical aspect. *See Marsh v. Wallace*, 924 S.W.2d 423, 426 (Tex. App.—Austin

1996, no writ). That case was a post-divorce enforcement action concerning whether a lump-sum special separation benefit was a retirement benefit or a replacement for regular pay. *Id.* at 425. Because the parties were divorced when the payment was received, it was not subject to the community-property presumption that applies to money received during the marriage, and Wallace was entitled to a share only if it was a retirement benefit under the divorce decree. *Id.* We note first that the courts found that the divorced spouse was entitled to a share of the lump-sum payment. *Id*. at 427. Unlike the party in *Marsh* who received the disputed payment after divorce, appellant Cobb received the payment *during* the marriage, so it is presumed to be community property. *See* Tex. Fam. Code § 3.003. To show that the property was his separate property, appellant was required to prove that the payment was "owned" before marriage or acquired during marriage by gift, devise, descent, or personal-injury recovery *and* to trace it through its commingling with community assets. He did neither. Accordingly, the trial court characterized the $5,000 as community property in its decree.

Although the trial court should have made findings of fact and conclusions of law, we find that its failure to do so did not harm appellant. Despite the community nature of the property, the trial court ordered that appellant be awarded judgment of $5,000 to be paid by appellee. Appellant's contention that the trial court erred by failing to account for money that was his separate property is not supported by evidence in the record that any separate property existed. Appellant had the opportunity before trial to conduct discovery and during trial to introduce evidence and adduce testimony regarding the whereabouts of any such money. Based on the evidence and testimony introduced at trial, the trial court divided the community property, including bank accounts

9

in the parties' names, and awarded appellant solely any retirement benefits arising from his employment. No finding of fact or conclusion of law would have added more useful specificity to the court's ruling regarding the whereabouts of the $5,000. Appellant has not shown that he was prevented from raising any issues on appeal or otherwise harmed by the absence of findings and conclusions. *See Tenery*, 932 S.W.2d at 30. We overrule issue eight.

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: June 3, 2016